PRINCE INVESTMENT COMPANY v. ST. PAUL & SIOUX CITY LAND COMPANY.[1]

May 6, 1897.

Nos. 10,311—(31).

### Transfer of Corporate Stock.

An owner of stock in a corporation, issued under G. S. 1894, § 2799, is not incapacitated from transferring it, even if the transfer thereof is not entered upon the books of the corporation. An assignee of such stock without a transfer upon the books of the corporation has an equitable title which will be protected as against all parties not showing a superior right.

### Same—Rights of Equitable Owner and of Transferror.

If a corporation formed under G. S. 1894, § 2799, has no lien upon the stock or property of its members invested therein for debts due from them to such corporation, the transfer of such stock would be so far effectual that a complete transfer upon the books might be compelled by the equitable owner of the stock, although until the transfer is properly and legally made on the books of the corporation the transferror may be regarded by it as still the holder of such stock for the purpose of voting and receiving dividends.

### Same—Lien of Corporation.

Corporations are bound equally as individuals by actual notice of the rights of others. Hence the lien which a corporation has upon the stock or property of its members invested therein due from them to the corporation is such as it has acquired in good faith.

### Same—Notice to Corporation of Transfer—Sufficiency of Evidence.

*Held*, also, that the evidence warranted the trial court in finding that the plaintiff corporation was chargeable with notice of the prior claim and rights of the defendant corporation in and to the corporate stock in controversy before the creation of the debts for which it claimed a lien upon the corporate stock.

Appeal by plaintiff from a judgment for defendant entered in the district court for Ramsey county, pursuant to the order of Otis, J. Affirmed.

*John E. Stryker*, for appellant.

Registration of transfers of stock is for the benefit of the corpora-

[1] Reported in 70 N. W. 1079.

tion alone.  Baldwin v. Canfield, 26 Minn. 43; Joslyn v. St. Paul, 44 Minn. 183.  The lien of a corporation upon shares of its stock for debts due it, under G. S. 1878, c. 34, §§ 114 and 135, attaches whether the debt accrued before or after the debtor acquired the stock.  Schmidt v. Hennepin, 35 Minn. 511.  Notice, if given, would not defeat the lien.  Upon the question of who is entitled to vote corporate stock this court held, construeing the effect of a by-law similar to the one in this case, that the books of the company are conclusive as to the ownership of stock.  Morrill v. Little Falls, 53 Minn. 371.  No good reason is apparent for making a distinction between the effect of the by-law upon the conclusiveness of the records, as to the duty of the corporation to permit the registered holder to vote, and the right to claim a lien.  President v. Smalley, 2 Cowen, 770.  The legal title to the stock did not pass to the land company.  New London v. Brocklebank, 21 Ch. Div. 302.  See also, Stockwell v. St. Louis, 9 Mo. App. 133; Becher v. Wells, 1 Fed. 276; Scott v. Pequonnock, 15 Fed. 494; Bradford v. Briggs, 31 Ch. Div. 19, and 2 Thompson Corp., § 2398.  Equity will not compel a transfer of stock upon an equitable title when the holder of that title has been guilty of laches.  Newberry v. Detroit, 17 Mich. 141; York v. Passaic, 30 Fed. 471; Wonson v. Fenno, 129 Mass. 405; Hammond v. Hastings, 134 U. S. 401.  Notice of an equitable claim like that of respondent operates only for a reasonable time.  Societe General v. Tramway, 14 Q. B. Div. 424.  The knowledge of the directors and officers of the land company was not notice to the investment company of the agreement to transfer the stock.  In a transaction where a corporate officer or agent is acting in his own interest, the corporation is not charged with his knowledge.  Bang v. Brett, 62 Minn. 4; Wickersham v. Chicago, 18 Kas. 481; Barnes v. Trenton, 27 N. J. Eq. 33, and West v. Thompson, 124 Mass. 506.

*Young & Lightner,* for respondent.

The statutory lien claimed by appellant must be postponed to the prior right of respondent, if appellant had notice of that right when the debt to it was created.  The lien given by G. S. 1894, § 2799, upon "the stock or property of its members invested therein" does not exist until the debt is incurred.  This section does not prevent a stockholder from effectually transferring his whole interest in the stock without a transfer on the company's books, and after such transfer the trans-

feree becomes the full equitable owner and the transferror a mere naked trustee of the legal title, and a transfer on the books may be compelled by the equitable owner.   As regards the company, the transferror remains, until the transfer on the books, the holder of the stock, as far as voting and receiving dividends is concerned; but this is very different from saying that the company, knowing the equitable transfer, and that the transferror is a trustee, may either, by contract or under the statute, take security on shares equitably belonging else-where.   Baldwin v. Canfield, 26 Minn. 43; Nicollet v. City, 38 Minn. 85; Joslyn v. St. Paul, 44 Minn. 183.   As a general rule it is unquestionably true that the company gets no greater lien by the statute than it could acquire under express contract with the stockholder.   Since, until transfer on the books, the original holder continues as to the corporation to hold the legal title, and as the equity of the company is equal to the equity of the buyer or pledgee, its lien on the legal title, a legal lien, must prevail over the merely equitable title or lien of the buyer or pledgee.   This doctrine has been applied where a corporation claimed a lien on its stock as against a prior unregistered buyer or pledgee of whose equities it had cognizance when the debt to itself was contracted.   Bradford v. Briggs, L. R. 12 App. Cas. 29; Bank v. McNeil, 10 Bush. 54; Conant v. Reed, 1 Ohio St. 298; Mechanics v. Seton, 1 Pet. 299; Nesmith v. Washington, 6 Pick. 324.   See also 1 Morawetz, Priv. Corp. § 206.   The investment company had, or was chargeable with, knowledge or notice of the rights of the land company when the debt to it was incurred.   The case can not be brought within any of the exceptions to the rule that notice to the secretary is notice to the company, and that the secretary's knowledge is chargeable to the company.   It is not a case where the secretary was an adverse party to his company in a transaction with it.   It is not a case of information acquired by him when not acting for the company, and not present to his mind when acting for the company.   It is not a case of information acquired by him which was outside the scope of his functions, and which he was under no duty to communicate to the company.   As to the claim of laches, the land company can not be prejudiced by reason of any delay in giving notice to the investment company, for the debt was incurred after that company had notice.

BUCK, J.   The following are the stipulated facts upon which this controversy depends.   On November 14, 1891, one Moore purchased of the Prince Investment Company 56 shares of the capital stock of that company, of the par value of $50 each, and paid therefor by conveying to that company certain land of which he held the legal title.   He was thereupon duly registered as a stockholder in that company, and a certificate for said shares was duly made out in his name, and executed by the proper officers of the company, but he never requested or received a delivery thereof.   Prior to his purchase of said stock the said Moore had agreed for a valuable consideration, to wit, the issue to him of certain shares of stock of the St. Paul & Sioux City Land Company, to transfer to it, or to a trustee for its use, should it so direct, the above-described stock in the Prince Investment Company.   The St. Paul & Sioux City Land Company thereupon issued to said Moore the said shares of its stock, registered on its books in his name as owner, and by Moore's direction the bookkeeper of said St. Paul & Sioux City Land Company entered upon its books, as an asset of said company, the said shares in the Prince Investment Company.   Each of the above-named companies was organized as a corporation in 1891 under title 2, c. 34, of the general statutes of this state, and the acts amendatory thereof.   A by-law of the Prince Investment Company required that all transfers of its stock be made upon its books, and such requrement was indorsed on each of its certificates of stock.

At the time of the said agreement between said Moore and the St. Paul & Sioux City Land Company, and at all times thereafter, three of the directors of each company were also directors of the other, one of whom was also president, and another secretary, of each company. These three persons knew of the said agreement and its terms between Moore and the St. Paul & Sioux City Land Company, and of the said issue to Moore of the stock of that company.   They acquired such knowledge in their capacity of officials of the St. Paul & Sioux City Land Company at the respective dates of said transactions.   After the purchase of said stock in the Prince Investment Company by said Moore, and the execution of said certificate thereof to him, the said common secretary of the two companies, who, as secretary of the Prince Investment Company, had in his custody said undelivered certificates of said shares, called the attention of said Moore to the fact

that he so held said certificate, and asked Moore's directions as to transferring it to the St. Paul & Sioux City Land Company, whereupon said Moore replied that he would communicate his directions by letter. This conversation was at the office of the Prince Investment Company, immediately following a meeting of its board of directors. No such directions were, however, given by said Moore, and said certificate remained in possession of said secretary down to the death of said Moore in May, 1894, and still remains in his possession, and no transfer of said shares of the Prince Investment Company has ever been made upon the books of that company.

After the said conversation between said Moore and said secretary, the said Moore from time to time applied to his own use moneys of the Prince Investment Company, the amount so applied being, on May 11, 1894, the date of said Moore's death, $764.06. Neither said sum, nor any part thereof, has ever been returned to said Prince Investment Company. The Prince Investment Company claims a lien upon said shares of stock for said sum of $764.06 and interest thereon from May 11, 1894. The St. Paul & Sioux City Land Company claims that it is entitled to said stock, and to have the same formally transferred to it, free of any lien of the Prince Investment Company. The controversy was submitted to the district court for determination on the foregoing statement of facts, the court to be at liberty to draw the same inferences from said facts that it might properly draw if the same were in evidence before it at a trial.

The trial court found the allegation of facts to be true, and as an inference therefrom found that the Prince Investment Company had full notice and knowledge of said Moore's agreement to transfer said 56 shares of stock in said company to said St. Paul & Sioux City Land Company, and of said land company's payment therefor, as in said case stated, long prior to the time of the creation or existence of said indebtedness of said Moore to said investment company. As a conclusion of law it found that the claim of the St. Paul & Sioux City Land Company should be, and the same is, sustained, and that it is entitled to judgment establishing its title to said 56 shares of stock free of any lien or claim of the Prince Investment Company, and directed said last-named company to transfer on its books the said shares to it, the St. Paul & Sioux City Land Company, and to issue to it a stock certificate for said shares. Judgment was thereupon entered accordingly.

and this appeal is from said judgment.

G. S. 1894, § 2799 provides that:

"The stock of any such corporation shall be deemed personal property, and be transferable only on the books of such corporation, in such form as the directors prescribe; and such corporation shall at all times have a lien upon the stock or property of its members invested therein, for all the debts due from them to such corporation, which may be enforced by advertisement and sale in the manner provided for selling delinquent stock."

Each company is incorporated under this law. We are of the opinion that the owner of stock issued thereunder is not incapacitated from transferring it, even if the transfer thereof is not entered upon the books of the corporation.

"Except as against the corporation, the owner and holder of shares of stock may, as an incident of his right of property, transfer the same as any other personal property of which he is the owner."

Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261. And as assignee of said stock, without a transfer upon the books of the corporation, has the equitable title, which will be protected as against all parties not showing a superior right. Nicollet v. City, 38 Minn. 85, 35 N. W. 577. See, also, Joslyn v. St. Paul, 44 Minn. 183, 46 N. W. 337. If the corporation had no lien upon the stock or property of its members invested therein for debts due from them to such corporation, the transfer would be so far effectual that a complete transfer upon the books might be compelled by the equitable owner of the stock, although, until the transfer is properly and legally made on the books of the corporation, the transferror may be regarded by it as still the holder of such stock for the purpose of voting and receiving dividends.

While the statute ought not to be so construed as to interfere with the sale and transfer of stock as personal property, yet it is quite appropriate and necessary that there should be record evidence on the books of the company conclusive as to the right to vote and receive dividends. Otherwise the corporation might frequently be greatly embarrassed, and its rights endangered, by the claims of parties asserting the right to vote and receive dividends. If the transferee omits to have the transfer registered, he thereby waives his right to vote and receive dividends as against the corporation, whatever may

be his subsequent right against the transferror receiving such dividends as trustee. This provision relating to transfer on the books of the corporation is, therefore, solely for the protection and benefit of the corporation.

But this protection does not go to the extent of empowering it to use the statutory authority as a weapon to deprive bona fide shareholders of their valuable property rights accruing prior to the claims of the corporation obtained by it with notice of the rights of such shareholders. Corporations are bound equally as individuals by actual notice of the rights of others. Thus,

"if the agents of the corporation should, with notice of the rights of the equitable owner, assist the legal holder to transfer the shares in violation of the trust, the company would be liable therefor."

1 Morawetz, Priv. Corp. § 181. Hence the lien which a corporation has upon the stock or property of its members invested therein due from them to the corporation is such as it has acquired in good faith. The rights of the corporation are not, therefore, superior and paramount in all cases to those of stockholders simply because of their not registering or transferring the sale of stock on the books of the corporation.

This leads directly to the question whether the Prince Investment Company had or was chargeable with knowledge or notice of the rights of the St. Paul & Sioux City Land Company when Moore's debt to it was incurred. In the stipulation between the parties as to the facts the trial court was authorized

"to be at liberty to draw the same inferences from said facts that it might properly draw if the same were in evidence before it at a trial."

As an inference from the facts stated, the court found that the Prince Investment Company had notice and knowledge of the land company's claim prior to the creation of Moore's indebtedness to it. The stipulation was in writing, and contained all of the agreed facts in the case, and constituted the entire evidence introduced on the trial. The cause was therefore tried upon written evidence. The rule for considering and deciding in such case is the same as though the cause was tried upon oral evidence. McLachlan v. Branch, 39 Minn. 101, 38 N. W. 703. Aside from the fact that certain directors and officers of the one company were also directors and officers of the other company,

it was also stipulated that immediately after a meeting of the directors of the Prince Investment Company its secretary, who had custody of the certificate and transfer books, and who was presumably the proper officer to receive and act on notice of transfers of stock, asked Moore for intructions as to transferring the stock to the St. Paul & Sioux City Land Company, thus clearly implying that he had knowledge of the transaction between that company and Moore.

These facts fully justified the trial court in drawing the inference that the investment company did have notice of the land company's equitable title, especially in the absence of any evidence on part of the former that it did not have such notice, a matter peculiarly within its own knowledge. We do not deem it necessary to enter into any further analysis of the evidence showing the correctness of the inference drawn by the trial court. There is no conflict in the evidence, as the facts are agreed upon by the respective counsel. Moore had purchased the shares of the Prince Investment Company, paid in full therefor, and had bargained with the land company for the sale to it of such stock, and received his pay; and the former company knew these facts, through its officials, before the indebtedness accrued from Moore to it. It follows, therefore, that as against the land company no lien could attach to the stock for the indebtedness from Moore to the Prince Investment Company, holding the naked legal title only, with notice of agreement to transfer the stock, and the entire condition of the matter. If the adjudications in other jurisdictions are at variance with this rule, we do not feel disposed to follow them, as we think that this doctrine is more in harmony with the general principles applicable to the sale of personal property, and where notice is actually brought home to the party to be affected by it.

Judgment affirmed.