## JUST v. STATE SAVINGS BANK OF IONIA.[1]

1. BANKS—TRANSFER OF STOCK—VALIDITY.

A holder of bank stock, who was indebted to the bank, desiring to qualify himself for the office of State Bank Commissioner, transferred his stock to his wife, who gave the bank her note in reduction of his indebtedness. He ceased to be an officer, and she was elected a director. *Held*, that none of the three parties could maintain that the transaction was merely colorable and void.

2. SAME—CONSENT OF DIRECTORS.

A by-law of a bank, forbidding a transfer of stock by one who is indebted to the bank without the consent of the board of directors, does not invalidate a transfer of stock by such debtor, where the purchaser assumes the debt, and the board, without questioning the validity of the transfer, recognizes it by electing the purchaser a director.

3. SAME—BY-LAWS—LIEN OF BANK—BONA FIDE PURCHASERS.

Neither a by-law of a bank nor an agreement between the bank and a stockholder, that the bank shall have a lien on the stock for the amount of the stockholder's indebtedness not then due, is binding upon *bona fide* pledgees of the stock for value.

4. HUSBAND AND WIFE—AGENCY—EVIDENCE.

A statement by a husband that he is authorized to pledge his wife's stock to secure his debt does not tend to prove his authority.

5. SAME—SURETY—PLEDGE OF PROPERTY.

While a married woman cannot incur a personal obligation by becoming a surety for her husband, she may pledge her bank stock to secure his debt.

6. BANK STOCK—LIEN FOR DEBT—PLEDGE OF STOCK.

A bank stockholder gave her note to the bank, and then pledged her stock for her husband's debt to another bank. The latter bank gave the first bank notice of the pledge. The first bank claimed a lien on the stock to secure the note by virtue of a by-law and an agreement with the stockholder. The second bank had no knowledge of either agreement or by-law. *Held*, that the first bank could not assert a prior lien.

---

[1] Rehearing denied May 29, 1903.

7. SAME—NOTICE.

A *bona fide* purchaser or pledgee of bank stock for value does not take it subject to the bank's lien under 2 Comp. Laws, § 6098, for a debt subsequently falling due, where the bank has notice of the purchaser's or pledgee's rights.

8. BONA FIDE PURCHASERS—CONSIDERATION—EXTENSION OF TIME.

An extension of time for the payment of a pre-existing debt is a sufficient consideration to constitute the creditor a *bona fide* holder in taking stock as security for the debt.

Appeal from Ionia; Davis, J. Submitted October 9, 1902. (Docket No. 37.) Decided April 7, 1903.

Bill by William J. Just and Isaac N. Just, administrators of the estate of Josiah E. Just, deceased, against the State Savings Bank of Ionia, the Belding Savings Bank, the Ionia County Savings Bank, and Ella V. Just, to reduce to possession and determine the title to certain certificates of stock. From the decree rendered, complainants and the Ionia County Savings Bank appeal. Modified.

*Morse & Locke*, for complainants.

*A. A. Ellis* and *E. M. Davis*, for defendant Ionia County Savings Bank.

*George E. & M. A. Nichols*, for defendants State Savings Bank and Belding Savings Bank.

HOOKER, C. J. Josiah E. Just died on February 19, 1898, and the complainants were soon after appointed administrators of his estate. They filed the bill in this cause to reduce to possession and settle the title to nine certificates of stock of the Ionia County Savings Bank in the interest of Just's general creditors, the estate being alleged to be insolvent. The certificates were numbered from 1 to 9, inclusive. The defendants are the State Savings Bank of Ionia, the Belding Savings Bank, the Ionia County Savings Bank, and Ella V. Just, the widow of the intestate. The complainants and the Ionia County Savings Bank appealed.

At the time of Mr. Just's death, certificates of stock Nos. 3, 4, 5, and 6 were in his custody, but all stood in the name of Ella V. Just upon the stock ledger of the bank, the entry being in Mr. Just's writing. Certificate No. 1 was assigned to Mrs. Just in Mr. Just's handwriting. The assignments upon the back of the others were signed by Mr. Just, but the blanks were not filled. Nos. 8 and 9 were held by the Belding Bank, and claimed as collateral to a note of $1,950, signed by Mr. Just, and dated January 12, 1898, on four months' time. Nos. 2 and 7 were held by the State Savings Bank of Ionia as collateral to Mr. Just's note of $2,000, given December 2, 1897, on four months' time. All of this stock appears by the stock ledger to have been transferred to Mrs. Just on December 17, 1896, except No. 1, which bears the date of February 15, 1897. It was conceded that certificate No. 1 was the property of Mrs. Just, and that it was delivered to her. It was also admitted that certificate No. 6 was taken up, and a new certificate for $800 issued to Mrs. Smith, who was entitled to it. This leaves $200 of No. 6 in dispute, also certificates Nos. 2, 3, 4, 5, 7, 8, and 9, each representing $1,000 in stock. The Belding Bank claimed the right to certificates 8 and 9 as collateral security for its loan. A similar claim was made by the State Savings Bank as to Nos. 2 and 7, while the Ionia County Savings Bank claims a lien upon all except $800 of No. 6. The administrators deny that either bank has a lien upon the stock, and claim it for distribution generally among Just's creditors. The decree appealed from sustains the respective liens of the Belding and State Savings Banks as to 2, 7, 8, and 9, and of the Ionia County Savings Bank as to all except No. 1 and $800 of No. 6, subject to the claim of the Belding and State Banks on 2, 7, 8, and 9. It determines that the stock, with the exception of certificate No. 1, was never the property of Mrs. Just.

The intestate was in debt to the Ionia County Savings Bank in a large sum, and much of it was due. Under the statute (section 6098, 2 Comp. Laws) the bank had a lien

upon this stock for such as was due, and under its by-law it had a lien whether the indebtedness was due or not. At this juncture Mr. Just was offered the office of State Bank Commissioner, whereupon he arranged with the officers of the bank and his wife that he should assign his stock to her, and that she should give the bank her note, indorsed by him, for $7,300, in reduction of Just's indebtedness, and it is claimed that it was agreed that the bank was to have a lien on the stock for the same. He accordingly assigned the stock in blank, and entered a transfer of it to his wife in the stockbook, she gave her note to the bank, he ceased to be an officer of the bank, and she was elected director, and qualified. It is contended by complainants' counsel that this transaction was merely colorable, and that he never delivered the certificates to his wife or the bank, and never had new certificates issued. Many other circumstances are suggested in support of this theory, upon which complainants contend that the stock at all times remained the property of Just, though they take the somewhat inconsistent position that there was enough to the transaction to divest the bank of its lien for Mr. Just's indebtedness remaining due and unpaid.

We are of the opinion that none of the three parties can be heard to say that this transaction was void. It was necessary for Mr. Just to part with his stock to render him eligible to the office of commissioner. He caused it to be transferred to his wife, who consented to receive it, and become a director. The bank also consented, and recognized her as such director. She cannot now repudiate her note, and her husband's administrators cannot claim the stock. Neither can the bank deny its transfer, or claim a lien based upon such denial. Had new certificates been issued to the wife, there could be no doubt of this. As it was, she became the owner of the stock, whoever held the certificates, and, as between the three parties, the Ionia County Bank had a lien upon them for her debt. If it be said that the by-law 19, forbidding the transfer without the consent of the board of directors,

invalidates the transfer, it is a sufficient reply to say that this transfer must have been known and approved by the board.   It recognized Mrs. Just as a stockholder by electing her a director, and apparently has never questioned the validity of the transfer.   The general creditors were not injured by the transaction, and the bill, having apparently been filed under the statute (3 Comp. Laws, § 9363), is not sustained by the proofs, and was properly dismissed.

It remains, however, to determine the rights of the respective banks.   The Ionia County Bank appeals from so much of the decree as postpones its lien to those of the Belding and State Savings Banks, and excludes certificate No. 1. We must, therefore, determine whether the alleged liens of these banks can be sustained, and whether the lien of the Ionia Bank should not cover certificate No. 1.   As we have already said that the stock passed to Mrs. Just, and that her note is a valid obligation, certificate No. 1, to which no one questions her right, is subject to the lien of the Ionia County Savings Bank.

The State Savings Bank received two certificates of stock—8 and 9—on November 29, 1895, to secure a note of $2,000, which Mr. Just gave that day.   In September, 1897, the Belding Bank advanced money to Mr. Just to pay this loan, taking the stock as collateral to a note given by him for that amount upon the assurance that it was with Mrs. Just's consent.   It is claimed that on December 2, 1897, Mr. Just borrowed of the State Savings Bank $2,000, and gave, with the consent of Mrs. Just, certificates 2 and 7 as collateral security.   This consent was in writing, and was addressed to the cashier of the State Savings Bank.   At the time these certificates were delivered to the respective banks, Mrs. Just's only indebtedness to the Ionia County Bank consisted of a note for $7,658.10, dated July 26, 1897, due in one year from its date.   This was executed and delivered September 12, 1897.   The bank had no lien on her stock, under the statute, after September 12, 1897; but the agreement made at the time the stock was transferred was in force, and also

the by-law which prohibits any transfer of stock without the consent of the board of directors, where the registered holder is indebted to the bank. There is nothing to indi-. cate that the two banks knew of the by-law, or of the alleged agreement that the Ionia County Bank should have a lien on the stock. They received the certificates assigned in blank on the understanding that Mrs. Just was the owner, and the stock register shows that she was the owner. If they were *bona fide* holders for value of this stock, the by-law was not binding upon them, and neither was the agreement. See *Bronson Electric Co.* v. *Rheubottom*, 122 Mich. 608 (81 N. W. 563).

We find no evidence in the record that warrants us in holding that Mrs. Just authorized her husband to pledge her stock to the Belding Bank. Mr. Just's statement that he was authorized to do so does not tend to prove it. It follows that such pledge did not bind her, and the bank has no title to the stock. This leaves the Ionia Bank lien valid, and first upon the stock held by the Belding Bank.

With the State Savings Bank the case is different. It accepted the paper of Mr. Just on the faith of Mrs. Just's written consent, addressed to its cashier, that "Mr. Just was authorized to pledge 20 shares of stock with him for a loan." While a married woman may not become a surety for her husband, and thereby incur a personal obligation, she may pledge her property to secure his debt. This she seems to have been willing to do, and is now estopped from disputing the validity of the pledge. At the time this pledge was made, the Ionia Bank had no statutory lien upon this stock, and the State Bank was ignorant of the by-law and the alleged agreement. Before her note became due to the Ionia Bank, that bank had notice that the State Bank held the stock as security.

It is contended, however, that this did not make the State Bank the holder of a prior lien, for the reasons (1) that it had not the legal title to the stock; (2) that it failed to demand a transfer of the stock upon the bank books. The assignment of the stock in blank, and delivery, was

sufficient, with the letter showing authority, to confer upon the State Bank an interest by way of security, which took precedence over any claim that the Ionia Bank then had, provided the State Bank was a *bona fide* holder for value. See 23 Am. & Eng. Enc. Law, 655, 656, and notes; *In re Argus Printing Co.*, 12 L. R. A. 781, and note (s. c. 1 N. Dak. 434, 48 N. W. 347, 26 Am. St. Rep. 639); 2 Morse, Banks, § 699 (*d*); *Gemmell* v. *Davis*, 75 Md. 552 (23 Atl. 1034, 32 Am. St. Rep. 412); *Nesmith* v. *Bank*, 6 Pick. 324; *Conant* v. *Reed*, 1 Ohio St. 298; *Prince Investment Co.* v. *Land Co.*, 68 Minn. 121 (70 N. W. 1079); *Des Moines Loan & Trust Co.* v. *Des Moines Nat. Bank*, 97 Iowa, 668 (66 N. W. 914); 1 Cook, Stock, Stockh. & Corp. Law, § 532.

Whatever may be the English rule, we think it is settled that the courts of, this country repudiate the idea that a *bona fide* purchaser or pledgee of stock takes it subject to claims that may subsequently arise in favor of the corporation, if it has notice of his purchase, and that notice of the purchaser's rights is sufficient to protect them, although a demand for a transfer of the stock on the books of the corporation be not made. *Prince Investment Co.* v. *Land Co.*, 68 Minn. 121 (70 N. W. 1079); *Conant* v. *Reed*, 1 Ohio St. 298; *Bank of America* v. *McNeil*, 73 Ky. 54; *Des Moines Loan & Trust Co.* v. *Des Moines Nat. Bank*, 97 Iowa, 668 (66 N. W. 914); *Hotchkiss & Upson Co.* v. *Bank*, 15 C. C. A. 264, 68 Fed. 76; Cook, Stock, Stockh. & Corp. Law, §§ 532, 727. See, also, *Michigan Trust Co.* v. *State Bank of Michigan*, 111 Mich. 310 (69 N. W. 645); *Oakland County Sav. Bank* v. *State Bank of Carson City*, 113 Mich. 284 (71 N. W. 453, 67 Am. St. Rep. 463). While the State Bank was bound to know that it took the bank stock subject to any existing statutory lien in favor of the Ionia Bank, it could not be required to anticipate an agreement that this stock should be security for Mrs. Just's note, when the stock itself was not held by the bank; nor was it bound to know of the alleged by-law, or to inquire about it. The stock

was transferred to Mrs. Just, and her agent produced the certificates with authority to pledge them. See *Bronson Electric Co.* v. *Rheubottom*, 122 Mich. 612 (81 N. W. 563); 1 Cook, Stock, Stockh. & Corp. Law, § 524, and cases cited.

Was the State Bank a *bona fide* holder for value ? All the elements of such a holder are present, unless it be for the reason that it took security for a pre-existing debt, and did not pay money at the time it took the security. The fact is that an extension of time was granted, and a new note taken, in consideration of the pledge of this security. It has been the understanding of this court that such extension constituted a pledgee a *bona fide* holder for value, the. other essentials not being lacking. It was so stated in the opinion of Mr. Justice MONTGOMERY in the case of *Schloss* v. *Feltus*, 103 Mich. 533 (61 N. W. 797, 36 L. R. A. 161), and recognized in the majority opinion in that case. See, also, *Thompson* v. *Village of Mecosta*, 127 Mich. 529 (86 N. W. 1044); 16 Am. & Eng. Enc. Law, 837, and note; *Cary* v. *White*, 52 N. Y. 138.

The decree must be modified, and it is adjudged that the Ionia County Savings Bank has a valid claim for the unpaid balance due upon the note of Mrs. Just, and that it has a first and unimpaired lien upon the stock belonging to Mrs. Just, viz., certificates 1, 3, 4, 5, 8, 9, and $200 of said certificate 6, and a lien upon certificates 2 and 7, subject to the lien of the State Savings Bank; that the State Savings Bank has a first and unimpaired lien on said certificates Nos. 2 and 7 for the amount due upon the note; that the Belding Bank has no valid lien upon any of said stock; that the complainants have no rights in any of said stock, and that their bill be dismissed. The Ionia County Savings Bank shall recover costs of both courts against the complainants, and the State Savings Bank shall recover its costs of both courts against the complainants and the Ionia County Savings Bank. No costs shall be recovered by or against any other party to said suit. In other re-

spects the decree is affirmed, except as inconsistent herewith. The amounts remaining due upon the several obligations covered by said liens will be settled in the decree.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.