[No. 8026.    Department Two.    July 10, 1909.]

JAMES V. VAN HORN, *Appellant*, v. NEW WESTERN SHINGLE COMPANY *et al.*, *Respondents*.[1]

PLEADING—DENIALS—ADMISSIONS IN ANSWER — CORPORATIONS—STOCKHOLDERS. The denial of each and every allegation of a complaint by one alleging himself to be a stockholder in a corporation does not put his ownership of stock in issue, where other portions of the answer are pregnant with admissions of such fact.

CORPORATIONS—STOCK—TRANSFER ON BOOKS—NECESSITY—WAIVER—ESTOPPEL. Bal. Code, § 4261, providing that transfers of stock in a corporation are void until entered on the books of the company is for the benefit of the company and may be waived by it; and a com-

[1]Reported in 103 Pac. 42.

pany is estopped to deny that an assignee of stock not entered is a stockholder, after electing him a trustee and recognizing him as a stockholder by various acts.

TRIAL—ORDER OF PROOF—DISCRETION.  In an action by a stockholder of a corporation for fraud, requiring the plaintiff to first establish his ownership of stock relates only to the order of proof, and is within the discretion of the trial judge.

CORPORATIONS—RECEIVERS—APPOINTMENT—COMPLAINT BY MINORITY STOCKHOLDER—SUFFICIENCY.  A complaint by a minority stockholder of a corporation states a sufficient cause of action for a receivership, especially when liberally construed on demurrer *ore tenus,* where it alleges that one-third of its assets and capital, of the value of $27,000, were dissipated through maladministration and incompetence in 1908, which will continue during 1909; that it is about to lose its mill site of the value of $4,000 or $5,000, and suffer irreparable injury by requiring a removal, through the same causes, and that the managers have illegally voted salaries to themselves to pay for stock purchased to control the company; and it is error to confine the proof to the last allegation, as that simply goes to other charges of maladministration alleged in the complaint.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered February 24, 1909, dismissing an action for the appointment of a receiver for a corporation, upon sustaining an objection to the introduction of any evidence upon the part of the plaintiff.  Reversed.

*Graves & Murphy* and *Charles H. Winders,* for appellant. *Robert McMurchie,* for respondents.

RUDKIN, C. J.—The complaint in this action alleges, in substance, that the defendant company is a corporation organized and existing under the laws of this state, and that the individual defendants are its executive officers; that the capital stock of the company is divided into 15,000 shares of the par value of $1 per share; that in the month of January, 1908, the plaintiff became the purchaser of 4,125 of such shares; that at that time the assets of the company were of the value of $27,000; that the company is the owner of a shingle mill equipped with modern machinery and all necessary appliances to give it a capacity of 250,000 shingles

per day, and that during the entire year 1908 the mill was in good repair and the company had sufficient funds with which to operate the mill continuously at its full capacity throughout the year; that the company is not the owner of the real property upon which its mill is constructed, but holds the same under a contract by the terms of which it may acquire title by cutting an average of 140,000 shingles per day during each year for a definite period; that during the year 1908 the mill was under the sole management and control of the defendant Collins, who is secretary, treasurer, and general manager thereof; that the general manager receives a certain salary when the mill is running, and a certain other salary when the mill is idle, and allows himself certain sums for expenses, the nature and amount of which is to the plaintiff unknown, and that although the plaintiff has made repeated efforts to ascertain for what purposes such allowances are made, he has been unable to do so, by reason of the fact that the general manager has the sole and exclusive control of the books and papers of the company; that the defendant Collins is inexperienced and incompetent, and fails to properly direct the operations of the mill or to care for its property; that the mill was not operated to exceed one hundred days during the year 1908, although the same could have been operated at a profit during the entire year, and other mills in the vicinity no more favorably located were so operated; that the mill was operated at a loss of from $7,000 to $10,000 during the year 1908, making no deductions or allowances for depreciation in the value of the plant or machinery; that the individual defendants other than Collins occupy the positions of president and treasurer of the company and are mere figure heads, doing as Collins directs them to do; that they know that Collins is unfit mentally and physically to manage the mill or control its operations; that they have conspired together for the purpose of defrauding the plaintiff, who is a minority stockholder, and compelling him to invest larger sums in the mill; that during December,

1908, the individual defendants purchased outstanding stock for the purpose of obtaining and retaining absolute control of the mill, and have elected Collins as general manager thereof for the year 1909, giving him absolute control of the mill and its operations, and in furtherance of their fraudulent scheme and for the purpose of appropriating to themselves the assets of the company, and in order to obtain funds to pay for stock purchased by them to obtain control of the mill, well knowing that the company has been operated at a heavy loss, and well knowing that the value of the stock is depreciating and that the mill will continue to be operated at a loss under the management of Collins, the individual defendants placed him in sole charge and arbitrarily raised their own salaries; that the three individual defendants entered into an agreement the one with the other to vote their stock together for the purposes aforesaid; that if the defendants, and especially the defendant Collins, are permitted to manage and control the mill during the year 1909, the company will become insolvent, and all the plaintiff's interest therein will be dissipated and lost; that the individual defendants claim that, being majority stockholders, they can and will operate the mill as they please and pay themselves such salaries as they deem proper; that the defendants are threatening to encumber the mill to the amount of $10,000 for which there is neither reason nor necessity; that the defendants have failed to comply with the conditions of the contract under which the mill site is held and if the present management is permitted to remain in control the mill site of the value of from $4,000 to $5,000 will be forfeited and wholly lost to the company, and the company will suffer irreparable injury by being compelled to remove its mill to another site, and a receivership is the relief sought.

Issues were framed by answer and reply and the cause came on for trial. At the commencement of the trial the court sustained an objection to the introduction of any testimony under the complaint, except under the allegation that the in-

dividual defendants had wrongfully voted salaries to themselves, to which ruling the plaintiff excepted. The defendants next objected to the introduction of any testimony under the complaint, until the plaintiff first proved that he was a stockholder in the defendant company. The objection was sustained and an exception allowed. The plaintiff then proved that two certificates for 4,125 shares of the capital stock of the defendant company had been regularly issued to Frank Stuber and assigned to the plaintiff, and offered to prove that the plaintiff was recognized by the defendants as a stockholder in the defendant company from the time of his purchase of the aforesaid stock up to the time of the trial; that he received notice of stockholders' meetings from time to time; that he was twice elected a trustee of the company; that his name was carried on the letter-heads of the company as one of its trustees, and various other acts on the part of the company and its officers tending to show a recognition of the plaintiff as a stockholder of the company. To all these offers the court sustained an objection, holding that under Bal. Code, § 4261 (P. C. § 7063), the transfer of the stock to the plaintiff was void until entered upon the books of the company as required by that section. The plaintiff excepted to the ruling of the court; and from a judgment dismissing the action, this appeal is prosecuted.

The ruling of the court that the appellant was not a stockholder of the respondent company is erroneous for two reasons. First, we do not think that the appellant's ownership of the stock was put in issue by the answer; for while the answer denied each and every allegation of the complaint, except as therein expressly admitted, modified, qualified or explained, there was no express denial of the allegation that the appellant was a stockholder, and other portions of the answer are pregnant with admissions that such was the fact. The answer denied that salaries were voted or allowed for the purpose of defrauding *the appellant or any other stockholder*, averred that during the year 1908 the plans adopted

by the respondents for operating and closing down the mill were fully known to the appellant; that the appellant's advice was constantly solicited; that the appellant made no complaint as to the mode of operating the mill or as to the competency of its officers, etc.

Again, the court misconstrued the purposes of Bal. Code, § 4261, upon which its ruling was based. It has almost universally been held that such statutory provisions are intended for the benefit and protection of the corporation and its creditors, and that the corporation may waive a compliance therewith. *Stewart v. Walla Walla Print. & Pub. Co.*, 1 Wash. 521, 20 Pac. 605; *Isham v. Buckingham*, 49 N. Y. 216; *Robinson v. Nat. Bank of New Berne*, 95 N. Y. 637; *Cecil Nat. Bank v. Watsontown Bank*, 105 U. S. 217, 26 L. Ed. 1039; *Just v. State Sav. Bank of Ionia*, 132 Mich. 600, 94 N. W. 200; *Horton v. Mercer*, 71 Fed. 153, 3 Clark & Marshall, Corporations, p. 1790; 2 Cook, Corporations, § 383; Morawetz, Private Corporations, § 222. Under the above authorities, and many more that might be cited, the respondents are estopped to deny that the appellant is a stockholder of the company, under the proofs and offer of proofs found in this record. This error calls for a reversal of the judgment, but in view of the new trial that must follow a reversal, we deem it necessary to discuss briefly the other errors assigned.

The ruling of the court excluding testimony under the complaint until the appellant first established the fact that he was a stockholder is assigned as error, but this assignment relates merely to the order of proof, a question resting very largely in the discretion of the court, and we perceive no abuse of discretion here. In any event the question cannot arise on a retrial.

This brings us to the sufficiency of the complaint to authorize the appointment of a receiver for any cause other than the voting of salaries to themselves by the officers of the respondent company.

"The power of appointing a receiver is a discretionary one to be exercised with great circumspection, and only in cases where there is fraud, spoliation, or imminent danger of the loss of the property if the immediate possession should not be taken by the court; and such facts must be clearly proved. The policy of the law is to leave the affairs of corporate bodies to the management and control of their own chosen agents and that a minority of stockholders will not be permitted to displace corporate authority and control by substituting either for the policy, management and control of the courts, except in plain cases of such fraud or maladministration as works manifest oppression or wrong to them." Beach, Receivers (Alderson's ed.), § 424. *Secord v. Wheeler Gold Min. Co.*, 53 Wash. 620, 102 Pac. 654.

Within this rule, which is sustained by substantially all the authorities, we are not prepared to say that sufficient cause for the appointment of a receiver could not be made out under the allegations of this complaint, liberally construed, and the complaint must be so construed, especially where objection to the sufficiency of the complaint is first raised by objection to the introduction of testimony at the trial.

If it be true, as charged in the complaint, that the assets of the respondent company were of the value of $27,000 at the beginning of the year 1908, that approximately one-third of its entire capital was lost and dissipated during that year through maladministration, incompetency and mismanagement; if it is about to lose its mill site of the value of from $4,000 to $5,000, and will suffer irreparable injury by being compelled to remove its mill to another site from similar causes; if the same mismanagement and incompetency is to characterize the operations of the mill during the year 1909, and if the majority stockholders have illegally voted salaries to themselves to pay for stock purchased to obtain and retain control of the company, it is manifest that the company is on the brink of insolvency, and that the appellant's interest in the company will be utterly dissipated and lost. Such mismanagement and maladministration on the part of majority

stockholders are not beyond the reach of a court of equity. Furthermore, the charge of illegally voting salaries, under which the court was willing to receive testimony, simply gives color to and accentuates the other charges of mismanagement and maladministration alleged in the complaint.

For these reasons we are of opinion that the appellant was entitled to offer evidence generally under the allegations of his complaint; and to that end the judgment is reversed and a new trial ordered.

PARKER, MOUNT, DUNBAR, and CROW, JJ., concur.