WALLACE *v.* DETROIT CITY GAS CO.

HUSBAND AND WIFE—MARRIED WOMAN NOT LIABLE ON CONTRACT
    GUARANTEEING PAYMENT OF DEBT OF ANOTHER.
    The married woman's act (3 Comp. Laws 1915, § 11485)
        permitting married women to deal with their own prop-
        erty as if single, *held*, not broad enough to validate the
        contract of a married woman guaranteeing the payment of
        the gas bills of another; said contract not being in refer-
        ence to her separate estate.

Appeal from Wayne; Goff (John H.), J.  Submitted
October 2, 1923.  (Docket No. 1.)  Decided April
10, 1924.

Bill by Mabel Wallace against the Detroit City Gas
Company to enjoin defendant from cutting off the
supply of gas from certain premises.  From a de-
cree for plaintiff, defendant appeals.  Affirmed.

*George P. Palmer,* for plaintiff.

*Angell, Turner & Dyer,* for defendant.

MOORE, J.  This is a bill for an injunction brought
to restrain appellant from cutting off the supply of
gas to appellee's premises at 43 Lessing street, Detroit,
which appellant had threatened to do, unless appellee
paid appellant certain sums of money which the latter
claimed to be due it.  On January 27, 1916, appellee,
being then a married woman, entered into a written
contract for the supply of gas to her at 43 Lessing
street, Detroit, which premises were then owned and
occupied by her.  On or about August 20, 1918, one
Pearl McTavish made written application to appellant

to supply her with gas at 316 Highland avenue, Detroit. Plaintiff signed the following which appears on the back of the application which Miss McTavish made to appellant:

"I hereby guarantee the payment of all bills for gas as furnished on this application, and agree to pay same when due without notice, and I guarantee the faithful performance of all the provisions of the within application by the subscriber until notice to the contrary in writing is given by me at the main office of the company in Detroit; and do further agree that in case of my failure to comply with this agreement, the duly authorized agents of the company may discontinue the supply of gas to any or all premises supplied for me or by reason of my contract. Value received. Notice of acceptance is hereby waived.

"Guarantor (Mrs.) MABEL WALLACE (Seal).
"Street and No. 43 Lessing St., Detroit."

Miss McTavish subsequently became in default for the gas used, and defendant requested appellée to make payment of her gas bill. Appellee refused so to do and appellant notified her of its intention to exercise the right claimed by it in the guaranty to discontinue supplying gas to her at 43 Lessing street. All bills for gas supplied to appellee at 43 Lessing street were paid by her as they became due. The lower court made a decree in favor of the plaintiff and the case comes into this court by appeal.

The case calls for a construction of section 1, of Act No. 168, Laws of 1855, being section 11485, 3 Comp. Laws 1915, which reads as follows:

"That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations and engagements of her husband,

and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her in the same manner and with like effect as if she were unmarried."

Counsel's position is stated as follows:

"Appellant's position and the distinction between the admittedly void attempt to give it a right *in personam* against appellee for the money owing by McTavish and the right claimed to have been given to terminate appellee's right to insist upon being supplied with gas under the earlier contract are well illustrated in the case of *Damon* v. *Deeves,* 57 Mich. 247, decided in 1885. We quote from the opinion of the court, page 248:

"'Plaintiff brought ejectment on a valid foreclosure sale under a mortgage given by defendant, on which she was in default. The only defense made, and which prevailed, was that the mortgage was given to secure a note signed by defendant, who is a married woman, and that the note was not for her own benefit, but to secure a liability of a son-in-law. The circuit judge held that, inasmuch as a married woman cannot become personally bound as a surety, the note was void, and the mortgage was for the same reason void.

"'We think this was erroneous. There is no restriction under our Constitution and statutes which will prevent a married woman from creating express liens on her property for any lawful purpose that could be the foundation of such action on the part of an unmarried woman. A mortgage to secure another person's debt is valid beyond question. That was really the purpose of this mortgage. The right to enforce a note personally is not necessary to make a mortgage securing it good. * * *

"'As defendant saw fit to give an express mortgage security upon a lawful consideration, we do not think it is invalidated by the fact that she cannot be sued on the note.' * * *

"See, also, *Just* v. *Savings Bank,* 132 Mich. 600, decided in 1903, where the court says at page 605:

"'While a married woman may not become a surety for her husband, and thereby incur a personal obligation, she may pledge her property to secure his debt.' * * *

"The contract right which appellee had by virtue of the agreement of January 27, 1916, between her and appellant was 'property' within the meaning of section one of the so-called married woman's act, and as such, appellee had the power and capacity to make a valid and binding contract with respect to it."

The authorities cited are readily distinguishable from the instant case as will appear from a reading of those portions of the opinions quoted by counsel, and the agreement quoted which is relied upon here. If you eliminate all that is said about the guaranty in the agreement, there is nothing left as the basis of a contract. We do not think the provisions of the statute are broad enough to cover the instant case.

The decree is affirmed, with costs to the appellee.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.