[Civil No. 2947. Filed October 3, 1930.]

[291 Pac. 997.]

H. P. PHILLIPS, Appellant, v. YUMA TRUST AND HOLDING COMPANY, a Corporation, Appellee.

Mr. Glenn Copple, for Appellant.

Mr. William H. Westover, for Appellee.

ROSS, J.—On the eighth day of March, 1927, the appellant purchased from the appellee, under a contract, 80 acres of farming lands situated in Imperial county, California, for the sum of $6,000, to be paid in installments commencing January 1, 1928. By the contract the appellant was given possession of the property and immediately went into possession thereof and farmed the same for the years 1927 and 1928, growing crops thereon which he harvested and used the money therefrom for his own purposes. In April, 1929, the appellee leased the property to one Julian Parra. The agreement between the appellant and the appellee provided that the appellant was to pay before delinquent all construction charges, water bills and water users' dues that accrued against said property from and after January, 1927. Appellant made no payments on the construction charges, water bills or water users' dues, nor did he make any payments on the contract either of principal or interest. Upon appellant's failure to pay the construction charges, water bills and water users' dues for the years 1927 and 1928, the appellee in 1929 paid the 1927 charges, amounting to the sum of $743.09, and thereafter brought suit against the appellant to recover that amount, together with the 1928 charges, $611.75, not then paid, but a lien against the property.

Appellee went to trial on four causes of action, which were: (1) On the contract to pay construction and water charges; (2) for damages for breach of principal contract; (3) for the value of the use and occupancy of the premises during the time it was held by the appellant; and (4) upon an agreement to deliver the proceeds of crop insurance on crops grown on the property to appellee.

The appellant demurred to the complaint for insufficient facts, particularly because the complaint failed to allege that appellee had fully complied with its part of the contract. He answered that the "essence clause" of the contract. stipulated that, if he failed to perform his contract, appellee's damages should be limited to all payments made, improvements done, and all crops growing on the premises at the time of the breach, and that such stipulation was a bar to this action.

At the close of the evidence the court instructed the jury to find in favor of the appellee on its first cause of action and in favor of appellant on the second, third, and fourth causes of action.

The appellant has appealed from the action of the trial court in instructing the jury to find in favor of the appellee on its first cause of action, and the appellee has cross-appealed, complaining of the action of the court with reference to the second, third, and fourth causes of action.

From the evidence it appears that the appellant held the property of the appellee for two years and paid not a cent upon the contract or for the use and occupancy of the property. It also appears that construction and water charges are made a lien on the land, and had to be or must be paid by appellee to protect its title. It is contended by appellee that it has never rescinded the contract, but that appellant voluntarily abandoned the premises early in 1929, and that it took possession and rented the premises with

no intention of thereby declaring a forfeiture. The evidence is conflicting on this question, but we think it is immaterial under the circumstances.

Appellant assigns as error the overruling of his demurrer and the failure of the court to hold as a question of law that the stipulation as to damages and for rent, hereinafter set out, is a bar to the cause of action for construction and water charges.

As to the demurrer, it is apparent from the complaint that appellee has fully complied with its terms of the contract. It had agreed therein to give appellant possession of the premises, and that agreement it had performed. The complaint states the contract, the obligation of appellant to pay construction and water charges thereunder, the breach, the damages claimed, and prays for judgment. It is a good complaint. 21 R. C. L. 493, sec. 57; *Wadin* v. *Czuczka,* 16 Ariz. 371, 146 Pac. 491; *Johnson* v. *Moore,* 31 Ariz. 137, 250 Pac. 995; *Soule* v. *Weatherby,* 39 Utah 580, Ann. Cas. 1913E 75, 118 Pac. 833.

The provision of the contract relied upon by appellant as a bar to the cause of action is for construction and water charges for 1927 and 1928 and reads as follows:

"It is further understood and agreed that time is of the essence of this agreement and should the party of the second part fail or make default in making the payments of the principal sum and the interest thereon, in the manner and at the time above set forth, or the payment of taxes, construction and water charges, or the performance and keeping of the covenants and agreements herein contained, the first party may at its election terminate and cancel this agreement and take possession of said premises and remove all persons therefrom and in such event all payments made by the parties of the second part, improvements done and all crops growing upon said premises at the time of such breach shall inure to the benefit of the party of the first part as and for rent and liquidated damages, and not as a forfeit, and the said party of the

second part shall have no right, either in equity or at law in said premises, and will upon demand, execute and deliver to the party of the first part his quit-claim deed to said premises.''

It will be noted that the breach declared upon is not for failure to make payments on the purchase price of the premises, or for failure to perform the principal contract, but the breach alleged is of a covenant collateral to and independent of the principal contract. It is mutual, but independent of the main contract of purchase and sale. It is so separate and distinct that a breach of it immediately gives rise to a cause of action, even though every other covenant of the contract had been faithfully kept and performed. The construction and water charges were for current expenses of farming the land. These current expenses appellant had agreed to pay before they became delinquent. It is for a breach of this promise that he was adjudged to pay, and not for rent for the two years he occupied and farmed the premises or for liquidated damages for failing to perform his agreement to purchase. The only condition precedent to appellant's obligation to pay these current expenses was the delivery of possession of premises to him. When he took possession under the contract he assumed unconditionally the payment of these charges, and, when he defaulted therein, appellee's right of action for damages accrued. The promise to pay construction charges and current water charges was, it is true, a part of the consideration of the contract, but appellant's liability to pay these was not made dependent upon his performing his contract to purchase, but solely upon the execution of the contract of sale and the delivery of possession. The compensation to go to appellee, in case of the rescission of the contract, as stipulated, was ''all payments made'' by appellant, ''improvements done and all crops growing upon premises at the time of the

breach.'' This stipulation presupposes that appellant, as a part of his farming operations, had taken care of the construction and current water charges. ''Payments'' evidently was intended to mean payments made to the vendor on the purchase price prior to a rescission of the contract and not payments made to the United States Reclamation Service for construction and water charges. If appellant had kept and performed his contract of purchase, the payment on construction and for water charges would have been a matter of indifference to the vendor. At all events, such payments were not to be made to appellee, but to the United States Reclamation Service, to protect the land against liens and to procure water for its cultivation. Such payments are not, in terms, or in spirit, included in the above-quoted stipulation as constituting rent or damages. It is payments made directly to the vendor to be applied on the purchase price that are to be regarded, if the contract is rescinded by the vendor, as in satisfaction of rent and as liquidated damages.

If the stipulation should be construed as appellant contends it should, the result would be that appellant would have had the use and occupancy of the premises and the fruits thereof for two years without paying appellee a single cent therefor, for he made no payments on the purchase price, no improvements on the land, nor did he leave any growing crops thereon. When the parties stipulated that certain payments and improvements and crops should be in lieu of rent and in satisfaction of damages in case of rescission of the contract for a breach thereof, it was of course in their contemplation that the vendor would receive a reasonable ard fair sum for the use and occupancy of the premises and for the failure by the vendee to perform. Inadequacy has been said by this court to convert such a stipulation into a penalty clause which the courts will disregard (*Weatherford*

v. *Adams,* 31 Ariz. 187, 251 Pac. 453), and much more should it be regarded as a penalty where there is an entire failure of consideration.

Appellant cites as decisive in his favor *Armstrong* v. *Irwin,* 26 Ariz. 1, 32 A. L. R. 609, 221 Pac. 222, but the stipulation and facts of that case differ very materially from the stipulation and facts here; so much so that a casual reading of that case shows its inapplicability here.

There being no assignments of error, we do not consider appellee's cross-appeal.

We find no merit in appellant's assignments of error, and accordingly affirm the judgment.

LOCKWOOD, C. J., and McALISTER, J., concur.