JOSEPH L. FOREPAUGH and another *vs.* JOHN PRYOR and others.

November 24, 1882.

**Chattel Mortgage—Foreclosure by Action.**—An action will lie to foreclose a chattel mortgage, although it contain a power of sale, and although the mortgagee may recover possession of the property by action.

**Same—Held not Fraudulent.**—A certain finding of fact *held* insufficient to show a chattel mortgage fraudulent as to creditors of the mortgagor.

Plaintiffs, being creditors of defendant Pryor, procured from him a note for the amount of his indebtedness, due one day after date, and also, to secure the payment of the same, a chattel mortgage upon his stock of goods. Plaintiffs immediately filed the mortgage and went into possession of the mortgaged property. Subsequently Pryor made an assignment for the benefit of creditors to defendant

Comstock, who never has acted, and disclaims any right, title, or interest in the mortgaged property.    After this assignment, the defendant Bodkin, as sheriff of Clay county, under writs of attachment issued in favor of the other defendants, creditors of Pryor, levied upon and seized the same stock of goods.

The plaintiffs then brought this action in the district court for Ramsey county for a foreclosure of the mortgage, and a sale of the mortgaged property to satisfy their debt, and praying also for an injunction against a sale of the property in the attachment suits, and for a receiver.    On application of the defendant, Bodkin, the place of trial was changed to Clay county, and pending the suit a receiver was appointed, by whom the property was sold, under order of the court.    The defendants answered, alleging that the mortgage was fraudulent as to the mortgagor's creditors.    The case having been called for trial before *Stearns, J.*, the defendants moved for judgment on the pleadings, which was denied.    Certain specific questions of fact were then tried by a jury, the third and fourth questions, with the finding of the jury thereon, being as follows:

"*Third.* Did the plaintiffs agree with or give the defendant John Pryor to understand, at the time of making said mortgage, that if he would make and execute the same, that he might continue the business, and sell and dispose of the stock of goods covered by the said mortgage for his own benefit, until such time as some other creditor might make an attack on him?"    Answer.  "No."

"*Fourth.* Was it the purpose of the parties to said mortgage, or either of them, in executing and receiving said mortgage, to enable the said Pryor to preserve his stock from his other creditors, to delay them in the application of his property to the payment of his debts, or to compel an execution or compromise of the claims of such creditors?"    Answer.  "Yes."

The court, after advisement, ordered that plaintiffs have judgment for the net proceeds of the sale of the mortgaged property, and a personal judgment against defendant Pryor for the deficiency.    A new trial was refused, and the defendants appealed.

*C. D. O'Brien*, for appellants.

The motion for judgment on the pleadings should have been granted.    The complaint alleges that plaintiffs were mortgagees in

possession after condition broken, and a conversion by defendants. They therefore had the legal title, and there was nothing to foreclose. The present action will not lie. Plaintiffs have an adequate remedy at law. *Gates* v. *Smith*, 2 Minn. 21, (30;) *Edson* v. *Newell*, 14 Minn. 167, (228;) *Jorgenson* v. *Tait*, 26 Minn. 327; *Becker* v. *Dunham*, 27 Minn. 32; *Boice* v. *Boice*, Id. 371.

The conclusions of law are not supported by the fourth finding of the jury.

*Warner & Stevens*, for respondents.

GILFILLAN, C. J. The motion of the defendants for judgment on the pleadings was properly denied. Such a motion cannot be granted for insufficiency of the complaint, unless it be so deficient in facts that a general demurrer to it would be sustained. This complaint shows a wrongful taking and detention from plaintiff of the property on which they held a chattel mortgage, and of which they had possession at the time of the taking, which facts would justify a recovery, either of the property itself, or its value by way of damages. It also makes out a proper case for a foreclosure of the mortgage by action, which relief it asks. The fact that there is a power of sale in a chattel mortgage does not affect the right to foreclose it by action. Jones on Chat. Mortg. § 777; *Packard* v. *Kingman*, 11 Iowa, 219; *Green* v. *Gaston*, 56 Miss. 748; *McDonald* v. *Vinson*, Id. 497; *Briggs* v. *Oliver*, 68 N. Y. 336. Nor does the fact that the mortgagee may recover the possession at law. *Marx* v. *Davis*, 56 Miss. 745; *Long Dock Co.* v. *Mallery*, 12 N. J. Eq. 93.

The only other question in the case is on the validity of plaintiffs' mortgage. The facts found are not sufficient to impeach it. The fourth finding of the jury, on which defendants rely, is not enough for that purpose. As plaintiffs' mortgage was upon a valuable consideration, and was duly filed, they could not, unless they had notice of it, be affected by any fraudulent intent on the part of the mortgagor; yet if he had a fraudulent intent, without the plaintiffs having any, or any notice that he had, the finding of the jury to the fourth question would have been the same as it was. That finding does not make it appear either that plaintiffs had any such intent, or had notice of any such on the part of the mortgagor.

Order affirmed.