(Opinion published 52 N. W. Rep. 267.)

---

MARTIN LUND *et al. vs.* WHEATON ROLLER MILL Co., (GRANT COUNTY BANK, Intervener.)

Argued April 20, 1892. Decided May 23, 1892.

**Stock Sold, but not Transferred on the Books of the Corporation.**
 A sale and transfer of corporate stock, although not entered on the books of the corporation, is effectual as between the parties, and takes precedence of a subsequent attachment in behalf of a creditor of the vendor.

Appeal by plaintiffs Martin Lund and Frederick Neuman from a judgment of the District Court of Traverse county, *C. L. Brown*, J., entered February 6, 1892, in favor of the Grant County Bank, intervener.

Prior to June 13, 1890, one James Howell owned forty shares of the capital stock of the Wheaton Roller Mill Co., and held certificates therefor. On that day he sold and assigned the stock to the Grant County Bank, and delivered to it the certificates; but the sale and transfer were never entered on the books of the Mill Co., but its secretary had notice of the sale. The plaintiffs on November 10, 1890, commenced an action against Howell, and caused a writ of attachment to be issued and levied upon the stock, by serving the writ and notice of such levy upon the Mill Co. Plaintiffs then had no notice of the sale of the stock to the bank, but were notified of it soon after. They obtained judgment in that action against Howell, and caused a writ of execution to be issued thereon. Under and by virtue thereof the forty shares of stock were sold, and were bid in by them. They then requested the Mill Co. to transfer the stock to them on its books.

This being refused, they begun this action to recover damages on account of the refusal and for equitable relief. The Grant County Bank intervened and claimed the stock. The action was tried in June, 1891, before the court without a jury. Findings were filed November 30, 1891, denying the plaintiffs any relief. Judgment was entered, and they appealed.

*Thomas O'Hair* and *Ferguson & Kneeland*, for appellants.

*J. W. Reynolds* and *W. H. Townsend*, for respondents.

DICKINSON, J. The defendant, the Wheaton Roller Mill Company, is a corporation created under 1878 G. S. ch. 34, title 2. In June, 1890, one Howell owned and held forty shares of the stock of the corporation, certificates for which had been issued to him. At that time he in good faith and for a valuable consideration sold and assigned such stock to the intervener, the Grant County Bank, but no entry of such transfer was make in the books of the mill company.

In November of the same year, in an action prosecuted by the plaintiffs against Howell,—who appeared on the books of the corporation as being still the owner of the stock,—the stock was levied upon by virtue of a writ of attachment. The plaintiffs then had no notice or knowledge that the stock had been transferred by Howell. Afterwards the plaintiffs recovered judgment in the action against Howell, and under execution issued thereon, in December, 1890, the stock was levied on and sold, the plaintiffs being the purchasers. The plaintiffs had notice of the intervener's claim when the levy was made under the execution. The sole question to which attention will be directed is whether by force of the statute the sale and assignment of the stock to the bank by Howell was ineffectual as to attaching creditors of the assignor, by reason of the fact that no entry of the transfer had been made in the books of the corporation.

The statute referred to is 1878 G. S. ch. 34, § 8, which by force of section 110 of the same chapter (1866 G. S. ch. 34, § 46) is made applicable with respect to corporations organized under title 2. It is in terms as follows: "The transfer of shares is not valid, except as between the parties thereto, until it is regularly entered on the books of the company, so far as to show the names of the per-

sons by and to whom transferred, the numbers or other designation
of the shares, and the date of the transfer.   *   *   *   The books of
the company shall be so kept as to show intelligibly the original stock-
holders, their respective interests, the amount which has been paid
in on their shares, and all transfers thereof; and such books, or a
correct copy thereof, so far as the items mentioned in this section
are concerned, shall be subject to the inspection of any person desir-
ing the same."

It is also provided by 1878 G. S. ch. 34, § 114, (1866 G. S. ch. 34,
§ 49,) that "the stock of any such corporation shall be deemed per-
sonal property, and be transferable only on the books of such corpo-
ration, in such form as the directors prescribe.   *   *   *"

The law cannot be said to be generally settled and uniform as to
whether an unregistered sale and transfer of stock, which either by
statute or charter is declared to be transferable only on the books of
the corporation, is effectual to pass the property as against subse-
quent attaching creditors of the vendor.   The decisions are contra-
dictory.   But we do not feel ourselves at liberty to now treat the
question as a new one in this state.   As early as May, 1879, in the
case of *Baldwin* v. *Canfield*, 26 Minn. 43, (1 N. W. Rep. 261,) it
was held that an unregistered transfer of stock in pledge to secure
indebtedness of the pledgor was effectual.   This decision was cited
and followed in *Joslyn* v. *St. Paul Distilling Co.*, 44 Minn. 183, (46
N. W. Rep. 337.)   The court in *Baldwin* v. *Canfield*, referring to
the above cited 1866 G. S. ch. 34, § 49, said: "Provisions of this
kind are intended solely for the protection and benefit of the corpo-
ration; they do not incapacitate a shareholder from transferring his
stock without any entry upon the corporation books, [citing author-
ities.]   Except as against the corporation, the owner and holder of
shares of stock may, as an incident of his right of property, transfer
the same as any other personal property of which he is the owner."
It is true that the court made no reference to section 8 of that chap-
ter, which by force of 1866 G. S. ch. 34, § 46, became a part of the
law concerning corporations created under title 2.   An examination
of the briefs in that case shows that the latter section was not re-
ferred to, and it seems probable that the attention of the court was

not directed to it. When the structure of the statute is observed, it will be seen that both counsel and court might naturally fail to discover the applicability to title 2 of this section 8, found in title 1, and relating to a subject specifically treated of in section 49 of title 2. However that may be, and even if a consideration of the provisions of section 8 might possibly have led to a different conclusion as to the validity of the pledge, that decision, made nearly thirteen years ago, and hitherto unquestioned, should now be deemed decisive of the question. It has probably been generally so regarded, and it is believed that transfers of stocks in pledge and by sale have been extensively made, without having the transactions entered on the books of the corporations. The rule of *stare decisis* should deter us from now declaring the statute law to be different from what it has heretofore been pronounced to be. We therefore follow former decisions, without entering upon a consideration of the construction which might be given to section 8 of the statute if the question were a new one. In deciding the case in this way, we would not be understood as expressing the opinion that a proper construction of the statute would lead to a different conclusion. The tendency of many decisions is in accordance with the rule heretofore announced in this court and now followed. See *Robinson* v. *National Bank of New Berne,* 95 N. Y. 637; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325, 331, and cases cited; *Finney's Appeal,* 59 Pa. St. 398; *Telford & F. Turnpike Co.* v. *Gerhab,* (Pa. Sup.) 13 Atl. Rep. 90; *Broadway Bank* v. *McElrath,* 13 N. J. Eq. 24; *Hunterdon County Bank* v. *Nassau Bank,* 17 N. J. Eq. 496; *Thurber* v. *Crump,* 86 Ky. 408, (6 S. W. Rep. 145;) *Continental Nat. Bank* v. *Eliot Nat. Bank,* 7 Fed. Rep. 369; Cook, Stocks, § 487.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 268.)