C. Aultman & Co. vs. Silha and another.

---

C. Aultman & Company, Appellant, vs. Silha and another, Respondents.

*May 6 — May 23, 1893.*

(1) *Sale of chattels: Conditional or absolute sale?* (2) *Mortgages: Priority.*

1. Construing together (1) an order for agricultural machinery which contemplates an absolute sale and provides for the execution of a mortgage thereon; (2) notes given for the purchase price, which provide that the title to the machinery shall not pass until they are paid in full, but which also authorize the vendee to take possession of the machinery and sell it and apply the proceeds upon the notes; (3) a chattel mortgage of the machinery to secure the notes, which asserts and warrants that the title is in the vendee, contains full

C. Aultman & Co. vs. Silha and another.

provisions for foreclosure and sale in case of default, and covenants that the vendee will pay any deficiency; and (4) a real-estate mortgage also given to secure the notes,— the transaction is *held* not to have been a conditional sale simply, but an absolute sale with a mortgage back for security; and after the seizure and sale of the machinery by the vendor under the chattel mortgage the debt of the vendee remained for the balance due, and the real-estate mortgage could be foreclosed therefor.

2. At the time of the execution of a mortgage of land, the mortgagor's only interest therein was an equitable title to an undivided sixth thereof, the equitable title to the other five sixths and the legal title to the whole being in his brother. Afterwards the brother sold his interest to the mortgagor and conveyed to him the legal title, taking back a mortgage for a part of the purchase price. *Held*, that such purchase-money mortgage is, as to five sixths of the land, prior to the mortgage first given.

APPEAL from the Circuit Court for *Monroe* County.

Action to foreclose a real-estate mortgage given by *John Silha* to plaintiff September 24, 1888, to secure his notes aggregating $1,500. The facts are as follows: On the 14th of September, 1888, *John Silha* gave to plaintiff a written order for an engine and thresher, to be shipped to him from Canton, Ohio, in care of the company's agent at La Crosse, "as quick as possible," in consideration of which *Silha* agreed in the order to receive the machinery on its arrival, give his notes therefor aggregating $1,500, and give as security for the notes a first mortgage on said machinery and on eighty acres of land, which land is stated, in a property statement attached, to be owned by him, in Monroe county, and unincumbered. The order also contains a stipulation that the machine is to be warranted by the company. The machinery was received by *Silha* under the order, and on the 24th of September, 1888, he gave three notes for the purchase price,— two of $700 each, and one of $100,— which notes each specified that they were given for "value received in one Star engine and New Model separator," and contained the following con-

dition: "The express condition of the sale and purchase of . . . , for which this note is given, is such that the title, ownership, or possession does not pass from the said *C. Aultman & Co.* until this note and interest is paid in full. And the said *C. Aultman & Co.*, or their authorized agents, are hereby fully authorized and empowered to proceed to collect the same at any time they may reasonably deem themselves insecure, even before the maturity thereof, and may take possession of said machinery, sell the same, and apply the proceeds towards the payment of this note, after paying all costs and necessary expenses."

At the same time *Silha* gave a chattel mortgage on the machinery to secure payment of said notes, which contained, among other things, the following statement: "And I, the mortgagor, in order to induce *C. Aultman & Co.* to accept this mortgage, now represent that I, the mortgagor, am the actual owner of the property described in this mortgage, and that it is free from all incumbrance." The mortgage also contained very full and sweeping conditions authorizing the company to take possession of the property in case of any default in payment of principal or interest, or in case of waste, misuse, or secretion of the property, and sell the same, applying the net proceeds upon the notes: and, in case the whole debt and expenses should not be satisfied, there was a covenant *to pay the deficiency.* This mortgage was properly filed on the 26th of September following.

At the same time, and to secure payment of the same notes, *John Silha* executed and delivered a mortgage upon eighty acres of land, which contained the usual provisions, and is the mortgage in suit in this action. At the time this mortgage was executed the only interest which *John Silha* had in the real estate mortgaged was an equitable title to an undivided one-sixth thereof as one of the heirs at law of Wenzel Silha, Sr., deceased, and the legal title to the

whole thereof, and the equitable title to the undivided five-sixths thereof, was in the defendant *Wenzel Silha*.   On the 2d day of February, 1889, defendant *Wenzel* conveyed to *John* the legal title to said land, and received back a mortgage on the land for $160, being a portion of the purchase price, which mortgage was properly recorded, and no part thereof has been paid.

The defendant *John* used the machinery for threshing in the fall of 1888, and in October paid $50 on the $100 note. He made many complaints of defects in both engine and separator, and finally, in July, 1889, he made a settlement with the plaintiff's agent, and executed a release of damages, of which the controlling part is as follows: " Portland Center, Wis., July 26, 1889.   Received of A. D. Pratt my note, dated September 24, 1888, for $100, payable to *C. Aultman & Co.*, and due December 28, 1888, *C. Aultman & Co.* number being 153,605.   The receiving of the above note is in full satisfaction of all claims for damages of any nature whatsoever against the said *C. Aultman & Co.*, arising out of the purchase of an engine and separator from the said *C. Aultman & Co.*"   No further payments were made on the machinery.   The defendant *John* used it during the fall of 1889.   In February, 1890, the plaintiff seized the machinery and sold it at public sale, the defendant *John* being present at the sale.   On this sale the net proceeds were $260, which plaintiff credited on the notes and chattel mortgage.

This action is to foreclose the real-estate mortgage for the balance due on the notes, and *Wenzel Silha* is joined as a defendant as a subsequent incumbrancer.   The defendant *John* claimed that by retaking the machinery there had been an entire failure of consideration for the notes, and he also counterclaimed for damages for breach of warranties under which the same were sold.   *Wenzel* answered, setting up the facts as to his mortgage, and claiming

priority for his mortgage, and praying foreclosure thereof. The circuit court found that plaintiff reserved the title to the machinery in itself until the notes were paid, and that upon retaking said machinery the consideration for the notes failed and plaintiff could recover nothing thereon; and judgment was ordered and rendered dismissing the complaint, canceling plaintiff's mortgage, and foreclosing defendant *Wenzel's* mortgage. Plaintiff appeals.

For the appellant the cause was submitted on the brief of *Jones & Button* and *F. W. Babcock.*

For the respondent *Wenzel Silha* there was a brief by *Morrow & Masters.*

For the respondent *John Silha* there was a brief by *Bleekman & Bloomingdale,* and oral argument by *F. H. Bloomingdale.* To the point that the plaintiff having exercised its option to retake the machinery in accordance with the condition of the notes reserving title to itself until payment, there is no consideration upon which an action can now be maintained for the collection of the purchase price, they cited *Minneapolis Harvester Works v. Halley,* 27 Minn. 495; *C. Aultman & Co. v. Olson,* 43 id. 409; *Hine v. Roberts,* 48 Conn. 267; *Bailey v. Hervey,* 135 Mass. 172; *Bensinger S. A. C. R. Co. v. Cain,* 4 Willson (Tex.), 499; *Merchants' & P. Bank v. Thomas,* 69 Tex. 237; Benjamin, Sales, sec. 321, note; 24 Am. Law Rev. 64; *Call v. Seymour,* 40 Ohio St. 670; *Harkness v. Russell,* 118 U. S. 663.

Winslow, J. The trial court found that the transactions in question amounted simply to a conditional sale of the machinery, that the title remained in the plaintiff, and that upon retaking the same the consideration for the notes entirely failed. If the premises of the court are right, the conclusion probably follows. *Hine v. Roberts,* 48 Conn. 267; *Bailey v. Hervey,* 135 Mass. 172. It is claimed by plaintiff, on the other hand, that title to the machinery

passed to the defendant *John*, and that the plaintiff's interest therein was simply that of mortgagee.   If this last contention be correct, it is manifest that the trial court erred in its disposition of the case.   The legal effect of the transactions between the parties is, then, the question to be decided.   Was it a conditional sale simply, or a sale absolute with a mortgage back for security?

Where this question is at all doubtful, the courts are inclined to hold the transaction a mortgage.   The real nature of the transactions, as disclosed by the written documents and all the surrounding circumstances, is sought to be ascertained.   *Rockwell v. Humphrey*, 57 Wis. 410.   The courts do not favor a conditional sale.

In viewing this transaction, and ascertaining its legal effect, all the contemporaneous documents executed between the parties are to be considered.   There is, *first*, the order, which plainly contemplates an absolute sale and expressly provides for the execution of a first mortgage on the machinery; *second*, the notes, which contain a provision that the title of the machinery shall not pass until the notes are paid in full, but which also contain a clause authorizing sale of the property and application of the proceeds on the notes, which clause is inappropriate to anything but a mortgage; *third*, the chattel mortgage, which expressly recognizes and asserts and warrants that the title of the machinery is in *Silha*, and contains elaborate and full provisions for foreclosure and sale in case of default, and covenants that, in case the proceeds of the sale are insufficient to pay the debt, *Silha will pay the deficiency; fourth*, the real-estate mortgage.   Consideration of all of these documents forces our minds to the conclusion that the transaction was an absolute sale with mortgage back.   The stipulations and agreements which indicate this intent are numerous, while there is only one which points to a conditional sale, and that is coupled with a provision only suitable to a

chattel mortgage. The acts and conduct of the parties also point to the same conclusion. The giving of mortgages upon the machinery and other property to secure the payment of the notes, with stipulations to pay the balance remaining after foreclosure, is utterly inconsistent with the idea of a conditional sale. *Silver Bow M. & M. Co. v. Lowry*, 6 Mont. 288. We must hold that the title to the machinery passed to *Silha*, subject only to the lien of purchase-money mortgage. This being so, the debt to the plaintiff still existed after the seizure and sale of the machinery, and the real-estate mortgage could be foreclosed for the balance left after applying the net proceeds realized on the chattel mortgage sale. No question arises upon the counterclaim, as the defendant *John*, for a consideration, has effectually released all claims for damages arising out of the purchase.

The real-estate mortgage, however, is a first lien upon the undivided one-sixth of the real estate only. As to the remaining five sixths, it is subject to the purchase-money mortgage held by the defendant *Wenzel*. 19 Am. & Eng. Ency. of Law, p. 579, § 3, and note.

*By the Court.*— Judgment reversed, and cause remanded with directions to render judgment of foreclosure in accordance with this opinion.