JOHN S. WELLS *vs.* PETER J. McNERNEY ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Delivery of property on an agreement to pay the purchase price, or on payment of part of such price, with an option on the part of the vendee to return a part or the whole of the property delivered, ordinarily implies a sale that vests the title in the vendee. If the parties intend to make the contract one of conditional sale, that intention should clearly appear: it cannot be inferred from a mere agreement that the vendee may return the property within a limited time.

Pursuant to a written, unrecorded agreement to that effect, one Abell, owner of a mare, upon receipt of $75 from the plaintiff, delivered the mare to him for his use for not more than six weeks, during which time he was to feed and care for her and to have the option to purchase her on payment of an additional sum of $25. The contract further provided that the plaintiff was to have the option to redeliver the mare to Abell on repayment of the $75. *Held* that

while the terms of the agreement were meager and almost contradictory, it might reasonably and fairly be said that the parties contemplated an actual sale of the mare for $100, three quarters of the price being payable at once and the remainder within six weeks thereafter, with an option in the purchaser to return the mare within that time and demand repayment of the money he had paid; and that upon this interpretation of the agreement the title to the mare passed to the plaintiff.

Argued April 9th—decided May 9th, 1902.

ACTION of replevin to recover possession of a horse and carriage, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *Error and judgment reversed.*

The defendant McNerney attached the goods while in the possession of the plaintiff, by virtue of a writ of attachment in an action wherein the defendant Frederick N. Sperry was plaintiff and one Ira E. Abell was defendant.

The plaintiff claimed ownership and possession of the property through the sale and delivery of the same to him by the said Ira E. Abell.

The sale and delivery claimed was made in pursuance of the following agreement: " This agreement made this 28th day of Sept., 1900, between Ira E. Abell, of the town and county of New Haven, in the State of Connecticut, and John S. Wells, of said town of New Haven, witnesseth that in consideration of the sum of seventy-five dollars paid by said Wells to said Abell said Abell agrees to deliver to said Wells for his fair and reasonable use for a period not exceeding six weeks from this date a certain chestnut mare and a phaeton, and the harness, blankets, and robes used with said horse and carriage, he during said six weeks to feed and stable said mare, and keep her in as good condition as she now is, and to keep under cover said carriage, blankets, and robes when not in use. Said Wells to have the option to buy and have a good title to said mare, harness, blankets, and robes at any time during said six weeks on payment of an additional sum of twenty-five dollars.

"And the said Wells hereby agrees to accept the above conditions for said consideration, he to have the option to redeliver said mare, carriage, harness, blankets, and robes to said Abell on a repayment to him by said Abell of said sum of seventy-five dollars.

"Dated at New Haven, this 28th day of Sept., A. D. 1900.

"IRA E. ABELL,

"JOHN S. WELLS.

"Witness, ETHEL M. WELLS."

This agreement was not recorded. At the time of the attachment the plaintiff had not paid Abell the additional sum of $25 and had not redelivered the property, and Abell had not repaid the $75 paid him by the plaintiff. The defendants claimed that the agreement was a contract for sale providing for the retention of title by the vendor, and not being recorded was void as against Abell's creditors, and that the title to the goods had never passed from Abell.

Other facts so far as material appear in the opinion.

*George E. Hall,* for the appellant (plaintiff).

*John Elliott,* for the appellees (defendants).

HAMERSLEY, J. On September 28th, 1900, the plaintiff Wells paid Ira E. Abell, then owner of the property replevied, $75, said sum being three fourths of the agreed value of the property. In consideration of that payment, Abell delivered the property to Wells. On November 23d, following, the defendant Sperry commenced an action against Abell by writ of attachment, which writ was served by the defendant McNerney, who attached the property as that of Abell, the same being then in the possession of Wells, who claimed to be owner thereof.

On November 26th, following, this writ of replevin was issued. The defendants pleaded the general issue without notice, and the court rendered judgment in their favor for the return of the property. The trial court sets out in the

finding all the material facts, and from these facts draws the conclusion that at the time of the attachment the title to the property was in Abell. In this we think the court erred.

The payment and delivery of September 28th, taken by itself, constitutes a sale by which the title to the property passed to Wells. The transaction, however, is found to be in pursuance of an agreement executed by the parties on the same day. That agreement is, in brief, as follows : (1) Abell agrees, in consideration of $75 paid by Wells, to deliver to Wells a certain chestnut mare, etc., for his use for a period not exceeding six weeks from date, Wells to care for the property in the manner set forth during the said six weeks ; Wells, however, to have the option to buy and have a good title to said mare, etc., on payment of an additional sum of $25 at any time during said six weeks. (2) Wells agrees to accept as the consideration for his said payment the delivery of said mare, etc., with the conditions above stated, he to have the option to redeliver the same to Abell on a repayment to him by Abell of the said sum of $75.

It is obvious that this agreement is meager and blind, if not contradictory ; there is nothing to throw light upon its meaning, except the consequent payment of $75 and delivery of the horse. There is no express provision that the title shall remain in Abell, or that the $75 paid shall be forfeited if the additional payment of $25 is not made, nor can such provision be fairly implied. It is true a party may contract to buy a horse for $100 and pay $75 upon delivery, and forfeit the horse and money paid if the remaining $25 is not paid within six weeks; but such a contract will not be thrust upon him by implication, without stronger reasons than appear in the agreement before us.

It can hardly be said that the agreement is that Abell may retake the horse if the $25 is not paid within six weeks, leaving Wells with only a right of action to recover the money paid, for it is expressly agreed that Wells shall have the option as to redelivery and that it shall be redelivered only on a payment of $75 by Abell. The statement of Wells'

agreement clearly implies the right at his option to return the horse and take back the money paid for it, and this necessarily excludes any claim that the $75 was not paid for the purchase of the horse but only for its use for six weeks, and this clear implication, even if it were inconsistent with the statement of Abell's agreement, should control the interpretation of the contract as a whole.

Where conflicting language is used, that should control which is most consistent with a reasonable and honest transaction.

We think it a permissible, and the fairest interpretation of this contract, if not the only reasonable one, that the parties contemplated a sale of the property for $100, three fourths of the price to be paid on delivery and the remainder within six weeks thereafter, with an option in the purchaser to return the property within six·weeks or a reasonable time thereafter, and thereupon to demand repayment of the money he had paid, and with an obligation on the purchaser to use and care for the property while the option to return continues, in such manner that in case of return it may be in as good condition as it was when delivered.

The conduct of the parties as found by the court, if entitled to consideration in construing the contract, is consistent with the interpretation given.

Their agreement was not recorded, as it naturally would have been had they intended to make a contract by which the title to the property should remain in the vendor after delivery. Public Acts of 1895, p. 563, Chap. 212.

On November 9th, the last day of the six weeks mentioned in the contract, Wells asked Abell to take the team and repay the $75. At first Abell agreed to this, but on November 16th told the plaintiff he could not raise the money, and thereupon the plaintiff said he considered the property as his. The option of Wells to return the property was thus exhausted. He remained thereafter the owner of the property, indebted to Abell for $25 of the purchase price.

This relation of the parties could only be changed by some new agreement. The facts found by the court in respect to

their conduct subsequent to November 16th are wholly insufficient to support any new agreement, and are therefore immaterial.

We have gone a great way in support of the right of parties to make for themselves a contract of sale, conditioned that the vendor shall retain his title after delivery; but delivery on agreement to pay the purchase price, or on payment of part of the purchase price, with an option on the part of the vendee to return a part or the whole of the property delivered, ordinarily implies a sale that vests the title in the vendee. If they intend to make the contract conditional on retention of title by the vendor, that intention should clearly appear. A mere agreement that the vendee may return the property within a limited time, is insufficient to support such intention. *Hotchkiss* v. *Higgins*, 52 Conn. 205, 210.

There is error, the judgment of the Court of Common Pleas is reversed, and the cause remanded that damages may be assessed and judgment rendered for plaintiff.

In this opinion the other judges concurred.