## UNITED STATES & CANADA LAND COMPANY v. THOMAS F. SULLIVAN and Another.[1]

December 16, 1910.

Nos. 16,820—(122).

**Lien on stock of corporation.**
    Section 2863, R. L. 1905, providing that stock shall not be transferred upon the books of a corporation while any indebtedness of the record holder

[1] Reported in 128 N. W. 1112.

---

[Note]   Restrictions on right to sell shares of stock, see note in 27 L.R.A. 271.

thereof to the corporation remains unpaid, *held* to create a lien upon the stock in favor of the corporation.

**Revision of statutes — effect of change of wording.**

A change in the language or phraseology of statutes in a general revision thereof does not necessarily indicate an intention on the part of the legislature to depart from or to modify, in point of substance, the previously existing law.

**Same.**

Such change of language is ordinarily to be ascribed to a purpose to condense and simplify the new statute.

**Foreclosure of lien on stock.**

The lien created by section 2863, R. L. 1905, may be foreclosed in equity.

Action in the district court for Hennepin county to foreclose an alleged lien upon fifty shares of capital stock for $6,825, and for $640, by a sale of the stock. Among other matters the complaint alleged that on or about June 5, 1906, defendant Sullivan purchased from one John Schwager and Alvin Schwager ninety-one shares of the capital stock of plaintiff corporation, and paid therefor the sum of $2,275 from the moneys of the corporation then in his hands; that on or about July 5, 1906, Sullivan sold the stock to James O'Laughlin for $9,100, and realized by this transaction a profit of $6,825; that Sullivan has never accounted to plaintiff for this sum; that on May 1, 1906, he conducted a party of land seekers to the Peace river region in Canada and without authority paid the railroad fare and other expenses out of the funds of plaintiff then in his hands, amounting to $640. Defendant Sullivan was not served and defendant Belcher demurred to the complaint. From an order, Holt, J., overruling the demurrer, defendant Belcher appealed. Affirmed.

*William B. Anderson, Harris Richardson* and *Harold C. Kerr,* for appellant.

*William H. Hallam,* for respondent.

BROWN, J.

The short facts in this case, as appear from the allegations of the complaint, are as follows: Plaintiff is a corporation duly created and

existing under the laws of the state. Defendant Sullivan was for a time the treasurer and a member of its board of directors, and the owner and holder of fifty shares of its capital stock. He is indebted to the corporation in an amount exceeding $6,000, which he has refused or neglects to pay. The corporation brought this action to recover the amount so due, and prays that it recover the same, and that the judgment therefor be declared a first lien upon Sullivan's stock, and that the stock be sold under the directions of the court, or sufficient thereof to satisfy its claim. The complaint also alleges that defendant Belcher claims some interest in or to the Sullivan stock, which claim it alleges is subsequent and inferior to the asserted lien of the corporation. Defendant Belcher interposed a general demurrer to the complaint, which sets forth in greater detail the facts stated, and appealed from an order overruling the same.

Counsel for defendant present in support of the demurrer two questions: (1) Has a corporation, under the provisions of section 2863, R. L. 1905, a lien upon the stock issued by it as security for the payment of any indebtedness due it from the record owner? (2) If it has such a lien, may it be foreclosed in equity, or is it a mere right on the part of the corporation to refuse to transfer a sale thereof upon its books, and analogous to the right of possession and detention incident to the ordinary common-law lien upon personal property? We answer both questions adversely to the contention of defendant.

1. The statute controlling the question (section 2863, R. L. 1905) provides: "Stock shall not be transferred upon the books of the corporation while any instalment thereon remains delinquent, nor while any indebtedness of the record holder thereof to the corporation remains unpaid." It is the contention of defendant that this does not create a lien in favor of the corporation, but only vests it with authority to refuse a transfer of stock until any existing indebtedness to it is discharged.

Prior to the revision of 1905, the statutes (section 2799, G. S. 1894) gave the corporation, in express terms, a lien upon stock issued by it as security for any indebtedness of the record holder, and provided for its foreclosure by a sale thereof after notice given in the

manner there prescribed. By the revision the express provisions for a lien and the foreclosure were dropped, and the revised statute adopted in the language above quoted. For the purpose of comparison we set out the former statute. "The stock of any such corporation shall be deemed personal property and be transferable only on the books of such corporation in such form as the directors prescribe, and such corporation shall at all times have a lien upon the stock or property of its members invested therein for all the debts due from them to such corporation, which may be enforced by advertisement and sale in the manner provided for selling delinquent stock."

Counsel contends that this change in the language of the statute indicates clearly an intention on the part of the legislature to modify the law and to take away the previously existing rights. There is force to the contention; but a comparison of the revised act with statutes of other states embodying similar language, where the claim of lien has been sustained, together with the views of the revision commission to the effect that no change in the law was intended, reference to which may be had for the purposes of interpretation, leads to the conclusion that it was not the intention of the legislature to make so radical a change in the law. In their report to the legislature the commission in reference to the statutes upon the subject of corporations said (p. 24): "In all cases our purpose has been, without attempting to change the law in any essential particular, to arrange it logically, dispensing with unnecessary verbiage, which tends only to confusion."

The legislature had this report before it when considering the revised statute, and was undoubtedly guided thereby, at least to some extent, in its enactment. The corporation lien had existed under the old statutes for some time, and there is no apparent reason for concluding that there was an intention to take it away, though it must be conceded that a substantial change was made by the elimination of the right of foreclosure as provided for by the previous statute. But there was every reason for striking that provision out. It authorized the summary foreclosure of the lien by a substituted service of notice, a proceeding subject to abuse. By omitting it in

the revision the corporation was left free to resort to such other methods for the enforcement of its claim as are consistent with the general principles of law applicable to the enforcement of like claims. The purpose of the commission was to reduce the great mass of corporation statutes to compact form, using no more language than was necessary to give clear and unambiguous expression to rights granted and liabilities imposed. Statutes for all practical purposes similar to our revised statute the courts of other states have construed as creating a lien in favor of the corporation. Cook, Corp. (6th Ed.) § 525; Kenton v. Bowman, 84 Ky. 430, 1 S. W. 717; Farmers' Bank of Maryland's Case, 2 Bland (Md.) 394; Farmers v. Haney, 87 Iowa, 101, 106, 54 N. W. 61; White River v. Capital, 77 Vt. 123, 59 Atl. 197, 107 Am. St. 754; National v. Rochester, 172 Pa. St. 614, 33 Atl. 748. Our examination of the reports discloses a general trend of decisions in harmony with those cited. Note to Dempster v. Downs (126 Iowa, 80) 3 Am. & Eng. An. Cas. 188.

The commission had this general rule in mind, and were undoubtedly of the opinion that the language of the revised statute was sufficient to create and vest in the corporation a lien for the protection of its interests, and adopted it in that view with no intention of changing the law. There is no presumption that a change was intended; in fact, the presumption is to the contrary. 36 Cyc. 1067, and cases cited. And though a change in the phraseology of an amendatory statute raises a presumption that a departure from the old law was intended, such a change is not ordinarily or necessarily of particular significance in the case of a general revision or codification, for the new language may be attributed to a desire to condense and simplify the law. 36 Cyc. 1165, 1166. We therefore hold that there was no intention to alter the law upon this subject, and that the statute now in force is sufficient to create a lien in favor of the corporation.

2. Whether a lien created by statute, with no provision for its enforcement, may be foreclosed in equity is a question upon which the authorities are, perhaps, not in harmony, though the weight of opinion sustains the jurisdiction. A corporation lien upon its stock is substantially dissimilar to the common-law lien upon articles of

personal property, the existence of which is the right to the possession and the actual detention of the property until the indebtedness is paid. In the case of a lien upon corporate stock, neither the right of nor the possession itself is given the corporation. The certificates of stock constitute the property, and may be transferred from hand to hand, by proper indorsement, though a transfer upon the books of the corporation cannot be compelled until the lien of the corporation is discharged. Yet for all practical purposes the property in the stock passes upon assignment. Lund v. Wheaton Roller Mill Co., 50 Minn. 36, 52 N. W. 268, 36 Am. St. 623. If the sole remedy of the corporation to enforce its rights be limited to a refusal to transfer a sale upon its books, then the lien is without substantial substance, and the corporation practically remediless. The statute gives a valuable right, and there should be a remedy for its enforcement; for a right without a remedy is an anomaly in the law. Many of the courts where the question has been presented have affirmatively held that a foreclosure may be had in equity. Cook, Corp. (6th Ed.) 530; McIlroy v. Dickson, 66 Ark. 327, 50 S. W. 868; Cairo v. Fackney, 78 Ill. 116, 120; Tete v. Farmers, 4 Brewst. (Pa.) 308; German v. Kentucky (Ky.) 40 S. W. 458; Wright v. Hixon, 105 Wis. 153, 80 N. W. 1110; 1135; Gilchrist v. Helena Hot Springs & Smelter R. Co. (C. C.) 58 Fed. 708.

But the equitable jurisdiction of the court for the enforcement of statutory or other liens, even in the presence of a remedy at law by foreclosure, would seem to be settled in this state by the decision in Forepaugh v. Pryor, 30 Minn. 35, 14 N. W. 61. It was there held that an action may be maintained to foreclose a chattel mortgage, notwithstanding the fact that the mortgage contained a power of sale. No distinction on principle can be made between that case and the one at bar. There was in that case a lien by contract and also by statute. Here the lien exists solely by statute, with no method for its enforcement provided by the law of its creation. We hold, therefore, that it may be foreclosed in equity. The authorities sustain this view. See note to Aldine v. Phillips (118 Mich. 162) 74 Am. St. 387.

Order affirmed.