FRANK D. JOCK v. J. C. O'MALLEY.[1]

November 30, 1917.

No. 20,540.

**Sale — passing of title — replevin will not lie.**

Plaintiff contracted to sell and defendant to buy approximately 80,000 feet of lumber, then piled on a designated tract of land, at $14 per

[1]Reported in 165 N. W. 233.

thousand feet, mill run, on ground described, terms $200 in cash, balance on or before 60 days from date of contract. Defendant made the cash payment, and with plaintiff's consent took the lumber and hauled it away. The deferred payment not having been made, plaintiff brought this action to replevy the lumber. *Held* that title had passed and replevin would not lie.

Action in replevin in the district court for Pine county, for $50 damages for detention of the property, and in case restitution could not be made for $999,10, the value of the same. The case was tried before Nethaway, J., who at the close of the testimony denied defendant's motion to dismiss the action and a jury which returned a verdict for restitution of the property, and if that could not be had assessed the value at $1,999.10, less $200 already paid. From the judgment entered pursuant to the order for judgment, defendant appealed. 'Reversed.

*Wickersham, Metcalf & Churchill,* for appellant.

*Ottocar Sobotka,* for respondent.

TAYLOR, C.

On May 5, 1916, plaintiff as party of the first part and defendant as party of the second part made the following contract: "The said party of the first part, in consideration of the covenants and agreements of said party of the second part, hereinafter contained, hereby covenants with said party of the second part, that the said party of the first part will sell approximately eighty thousand feet of lumber, consisting of White Pine and Norway Pine, now piled on land described as East Half of North East Quarter, Section 20, Township 44, Range 20, at rate of Fourteen and no/100 Dollars per thousand feet, Mill run, on grounds described heretofore. And the said party of the second part, in consideration of the said covenants of the said party of the first part hereinbefore contained, hereby agrees to and with the said party of the first part, that the said party of the second part will buy approximately Eighty Thousand feet of White Pine and Norway Pine from party of the first part, and will pay for the said lumber at the rate of Fourteen and no / 100 Dollars, per thousand, mill run, on grounds E ½ of NE ¼ 20-44-20. Said payment to be made as follows: $200.00 cash payment on this 5th

day of May, 1916. Balance to be paid on or before sixty days from date hereof."

At the time of making this contract, both plaintiff and defendant knew that plaintiff had about 80,000 feet of lumber piled upon the land described therein, but neither knew the exact quantity. Plaintiff had previously scaled the lumber, but had not added up his figures to ascertain the exact amount, and did not do so until some time after making the contract. Defendant made the cash payment on May fifth, the date of the contract, and some three weeks later took the lumber, with plaintiff's consent, and hauled it away. Defendant failed to pay the remainder of the purchase price when it became due, and plaintiff brought this action in replevin to recover the lumber. The question presented is whether the title to the lumber has passed from plaintiff to defendant. If it has, replevin will not lie, and plaintiff must seek a different remedy; if it has not, he can maintain this action.

"In contracts for the sale of goods, the test as to whether the title vests immediately in the buyer is the intention of the parties. The rules for ascertaining such intention are well settled, and are, so far as here material, as follows: (a) Where there is an unconditional contract for the sale of specific goods, in a deliverable state, the property, unless a different intention appears, passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery, or both, be postponed. (b) Where there is a contract for the sale of specific goods, and the seller is bound to do something to the goods for the purpose of putting them into a deliverable state, the property does not pass until such thing be done." Day v. Gravel, 72 Minn. 159, 75 N. W. 1.

Examining the contract here in question we find: That the sale was unconditional; that it was of specific property—the lumber piled upon a designated tract of land; that the lumber was in a deliverable state; that it was to be taken mill run, that is, as it came from the mill without rejecting any of it on account of grade or quality; and that it was to be taken on the ground, that is that the seller was not to carry it to the buyer, but the buyer was to come and get it. In other words, defendant was to take all the lumber upon the specified tract of land

as it then was and where it then was, and nothing whatever remained for plaintiff to do.

Defendant attempts to construe the contract to mean that the lumber was to remain on the ground, that is, where it then was, until the entire purchase price had been paid. But the contract will not bear this construction; and, even if it would, plaintiff waived any such claim when he permitted defendant to remove the lumber without objection.

The contract fixed the price at $14 per thousand feet. It specified the number of feet only approximately; but specified the particular lumber sold and the exact quantity was easily ascertainable by measurement. The contract contained no provision as to how, when, where, or by whom, the quantity should be determined; and no provision of any kind indicating that such quantity was to be mutually agreed upon and determined before title passed. Plaintiff states that, when he was informed by defendant that defendant was about to have the lumber scaled, he declined to take part in the making of such scale, for the reason that he had already scaled it himself. A contract of the form here in question is presumed to pass title; and, when plaintiff took the position that the quantity had already been determined, and permitted defendant to take the lumber and haul it away without objection, such presumption became conclusive, and plaintiff foreclosed himself from asserting thereafter that title had not passed. If the lumber had subsequently been destroyed by fire or otherwise, the loss would have fallen upon defendant, not upon plaintiff. Rail v. Little Falls Lumber Co. 47 Minn. 422, 50 N. W. 471; Fredette v. Thomas, 57 Minn. 190, 58 N. W. 984; E. L. Welch Co. v. Lahart Ele. Co. 122 Minn. 432, 142 N. W. 828, and cases cited therein; 24 Am. & Eng. Enc. (2nd ed.) 1051.

It follows that plaintiff cannot maintain an action to replevy the lumber, and the judgment appealed from must be and is reversed.