## JOHN N. OHMAN, AS RECEIVER OF THOR LAUNDRY & SPECIALTY COMPANY v. OLIVER J. LEE.[1]

### July 15, 1921.

### No. 22,166.

**Assignment of stock upon record without surrender of certificate.**
  1. Where the holder of capital stock sells, assigns and delivers it to

[1]Reported in 184 N. W. 41.

another, and in the assignment authorizes the corporation to transfer the stock to the purchaser on its records, the corporation, on learning of such assignment, may make such transfer on its records without a surrender of the stock or a request from the purchaser.

**Authority to transfer stock on record.**

2. By purchasing the stock, the purchaser gave authority to transfer it to him of record.

**Corporation may waive statutes and by-laws.**

3. The provisions of the statutes and of the by-laws regulating the transfer of stock are for the benefit of the corporation and may be waived by the corporation.

**Record of transfer on stubs of stock certificates held a transfer book.**

4. Where the corporation recorded the transfer of stock on the stubs from which the certificates were detached and kept no other record thereof, such stubs constituted the transfer book of the corporation and were evidence of the transfers noted thereon.

**Presumption in reference to stock transfers on records.**

5. Transfers appearing on the records are presumed to have been properly made, and, as there is nothing to impeach the record of the transfer of the stock in controversy to defendant, he was a registered stockholder and liable to creditors as such.

**Stockholder exercising rights and recognized as such liable to creditors.**

6. Where the purchaser of capital stock thereafter exercises the rights of a stockholder and is recognized as such by the corporation, he thereby acquires the rights and becomes subject to the liabilities of a stockholder, although his stock may not have been transferred to him on the records.

Action transferred to the district court for Goodhue county to recover $6,000 on defendant's liability as stockholder in an insolvent corporation. The case was tried before Johnson, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Joss, Ohman & Fryberger,* and *Louis H. Joss,* for appellant.

*A. J. Rockne,* for respondent.

TAYLOR, C.

An execution against the Thor Laundry & Specialty Company having been returned unsatisfied, proceedings were instituted by creditors which resulted in the appointment of plaintiff as receiver of the company, and in an assessment against all the stockholders of the company of 100 per centum of the par value of their stock. Plaintiff as such receiver brought this action against defendant to recover the amount of the assessment upon 600 shares of the stock, of the par value of $6,000, of which defendant was alleged to be the owner. In his answer defendant denied that he was, or ever had been, the owner of any of the capital stock of the company.

That plaintiff is entitled to collect the amount of the assessment from all stockholders, was established at the trial and is not disputed. The controversy is whether defendant is liable as a stockholder.

That defendant, on April 3, 1915, purchased 400 shares of the capital stock of the company of the par value of $4,000, represented by certificates numbered 6, 7, 8 and 9 for 100 shares each, from Ole J. Olsen, and that Olsen, by written assignment indorsed thereon, duly transferred such certificates and the stock represented thereby to defendant, and authorized G. R. Howes, secretary of the company, to make the transfer thereof on the books of the company, and that Olsen delivered such certificates and assignments to defendant who has held and retained them ever since, is found as a fact by the court and stands undisputed on this appeal. But the court also found that this stock had never been transferred to defendant on the books of the company and that defendant never became a registered stockholder of the company, and apparently on this ground held that defendant was not liable for the assessment and rendered judgment in his favor. Defendant seeks to sustain the judgment on the ground that he was not a registered stockholder and that only registered stockholders are liable for such assessments.

If defendant was a registered stockholder, he is clearly liable for the assessment. The stock certificates were bound in book form. When a certificate was issued, it was detached from the stub and entries were made in a blank form on the stub, showing the number of the certificate, the number of shares, to whom issued and the date of issue.

The stub also contained a blank form in which to note transfers, and when stock was transferred entries were made in this form, showing from and to whom the stock was transferred, the date of transfer, the number of the original certificate, the number of original shares therein and the number of shares transferred. This was the only record of transfers of stock kept by the company, and, while it does not contain all the information required by the statutes to be kept in the stock book, it is, nevertheless, the transfer book of the company, and is evidence of the facts properly entered therein. Holland v. Duluth I. M. & D. Co. 65 Minn. 324, 68 N. W. 50, 60 Am. St. 480; Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A. (N.S.) 706.

The stubs of the certificates in question show that the certificates were issued to Ole J. Olsen, January 30, 1915, and were transferred from Olsen to defendant April 3, 1915. Defendant claims that this transfer was ineffective, for the reason that it was made without his knowledge, and that he had never surrendered the original certificates to the company and had never asked for or received new ones. All that appears in reference to these transfers is the fact that the entries were made by Howes, who was secretary of the company at that time, and that they were not made at the instance of defendant or with his knowledge.

Defendant seems to assume that they could be lawfully made only at his instance. In this he is in error. While it is true that a person cannot be made a stockholder without his consent, the purchase of the stock by defendant of itself gave authority to make the transfer without any further act on his part. Basting v. Northern Trust Co. 61 Minn. 307, 63 N. W. 721. Olsen had the right to have the stock transferred on the books, for he was responsible to the company and its creditors for all liabilities which might accrue against the stock prior to such transfer. The by-laws provide that the transfer of stock "shall be made by indorsement on the certificate and surrender of the same to the company, and new certificates shall be issued to the person entitled thereto." Except under special circumstances, which did not. exist in this case, the company could not be compelled to transfer stock without the surrender, or at least the presentation, of the old certificates,

but this requirement was for the benefit of the company and could be waived by the company. Basting v. Northern Trust Co. 61 Minn. 307, 63 N. W. 721; Prince Inv. Co. v. St. Paul & S. C. L. Co. 68 Minn. 121, 70 N. W. 1079. If the company, after learning of the sale from Olsen to defendant, saw fit, either at the instance of Olsen or of its own volition, to accept defendant as a stockholder, it had the right to enter the transfer on its records, even against the objection of defendant. Basting v. Northern Trust Co. 61 Minn. 307, 63 N. W. 721.

The circumstances under which these transfers were made do not appear; we merely know that they were entered of record by the officer charged with the duty of keeping the records and of making such entries. Neither this officer nor Olsen were called as witnesses. Transfers appearing on the records are presumed to have been properly made, until the contrary is shown. Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288. There is nothing to impeach this record, and the fact that it was made without the surrender of the old certificates or the issuance of new ones is immaterial. Basting v. Northern Trust Co. 61 Minn. 307, 63 N. W. 721. It follows that defendant was a registered stockholder and that the finding to the contrary cannot be sustained.

Furthermore the fact that defendant is a stockholder has been continuously recognized, both by himself and by the company, ever since he purchased the stock. At or about that time he was elected a director, but resigned a few months later because he was unable to attend the meetings. He attended the next annual stockholders' meeting and was listed at that meeting as entitled to vote stock in the amount of $4,000. At this meeting he was again elected a director. Thereafter he attended a part of the directors' meetings and gave a written waiver of notice of others which he was unable to attend. He carried on an extended correspondence with the secretary and manager of the company concerning the management of its business affairs, in which he was referred to as one of the heavy stockholders. He gave the secretary a written proxy to vote his stock in the amount of $4,000 at a stockholders' meeting which he was unable to attend. The facts are ample to show that he recognized himself as a stockholder, and that the company had accepted him as such.

It has been held from an early date that the statutes regulating the

transfer of capital stock were intended solely for the benefit of the corporation, and that the owner could sell and transfer his shares at will, subject only to the right of the corporation, if it so elected, to treat him, instead of the purchaser, as owner of the stock and liable for all obligations growing out of such ownership, until the transfer was entered of record. In Lund v. Wheaton Roller Mill Co. 50 Minn. 36, 52 N. W. 268, 36 Am. St. 623, the court said that this rule had then been applied so long that they felt constrained to continue it under the doctrine of stare decisis. As a corollary to this rule, it is recognized that the corporation may waive the requirements of the statutes and of the by-laws in respect to the transfer of stock, and may accept the purchaser as a stockholder, although his stock has not been transferred to him on the records. If the purchaser exercises a stockholder's rights and thereby assumes the status of a stockholder, and the corporation recognizes him as such by acquiescing therein, he becomes entitled to the rights and subject to the liabilities of a stockholder as effectively as if his stock had been transferred to him on the records with all the prescribed formalities. Basting v. Northern Trust Co. 61 Minn. 307, 63 N. W. 721.

It follows from what we have said that we are unable to sustain either of defendant's propositions. The record shows that he was in fact a registered stockholder. It also shows that, even if he were not a registered stockholder, he had assumed the status of a stockholder and had been recognized as such by the corporation and had thereby acquired the rights and become subject to the liabilities of a stockholder.

The claim that defendant was the owner of any stock other than the 400 shares represented by the stock certificates numbered 6, 7, 8 and 9 was abandoned at the trial.

The judgment is reversed.